Amos vs. The State.

GEORGE W. AMOS, plaintiff in error, vs. THE STATE OF GEORGIA, defendant in error.

[1.] A negro is *prima facie* a slave.

[2.] If a party indicted for selling spirituous liquors to a slave, wish to justify under authority from the owner, he must make out his justification by proof.

[3.] Can the owner delegate the authority to furnish spirituous liquors to his slave ? *Quere?*

Indictment for Furnishing a Slave with Spirituous Liquors. In Talbot Superior Court. Tried before Judge WORRILL. March Term, 1866.

The error alleged in this case, is the refusal of the Court to grant a new trial on the ground that the verdict was contrary to law and to evidence, and [that the Court erred in charging the jury.

The indictment was found at March Term, 1864, and laid the offence on the first of the preceding 'January. It described the negro as a man slave, the name and residence of whom were to the jurors unknown.

The evidence was that *Ira T. Cox*, the witness, went to the store or shop of defendant, during the Christmas holidays, just about the 1st of January, 1864, in the county of Talbot,

and saw a negro whom he did not know, but thought he was a negro belonging to the estate of Robert Persons, taking a drink out of a decanter, and saw him hand the defendant a $2 bill, Confederate money. Defendant returned $1 in change, and the negro said he would take another drink, which he did. Defendant kept the change. Witness took a drink of liquor out of another decanter, but did not know what the negro drank. It was colored. The negro was then staying in Columbus. Witness was acquainted with defendant's negroes, and never saw this one about his premises before or since. If it was his negro, witness did not know it.

The charge of the Court complained of, was that if the proof showed that liquor was sold to a negro, the law presumes he was a slave; and that it did not devolve upon the State to show 'that the sale to the negro was without the consent of his owner, but that if defendant had the owner's consent he might prove it.

BETHUNE, for plaintiff in error.

SOLICITOR GENERAL, for defendant.

WALKER, J.

The defendant was tried for the offence of furnishing whisky to a slave for his own use, and was convicted. He insists that a new trial should have been granted, because the proof failed to show that the negro was a slave, or if a slave, to whom he belonged; and failed to show that he did not belong to defendant. "All negroes and mulattoes are deemed *prima facie* slaves, and it rests upon those alleging freedom to prove it." *Code*, sec. 1600. In this case there was no evidence that the negro was free.

By the *Code*, sec. 4491, no owner or any other person whatsoever shall sell or furnish any slave or free person of color with any spirituous liquors for his own use, provided the owner, etc., may furnish his own slaves, or those in his

employ, with such quantity as he may believe is for the benefit of such slave. There is no evidence that this slave belonged to defendant, or was under his care; indeed, the evidence is pretty satisfactory that he belonged to some one else. If he had been the property of defendant, he could have proved it. When the State proved that defendant sold the liquor to the slave for his own use, a *prima facie* case was made out, and, unexplained, became conclusive.

[2] No explanation was made by defendant, and, we think, under this state of facts, the Court certainly did right to charge the jury, that it did not devolve on the state to prove that the sale was made without the consent of the owner; but that if defendant had the owner's consent he might prove it. We think the principles decided in *Sweeney vs. The State*, 16 *Ga. R.*, 467, sustained the Court below in the rulings in this case.

[3] It may be a very grave question whether any sort of permission from the owner would have been a protection to defendant. It would seem that the authority to furnish spirituous liquors to a negro for his own use, can not be *delegated* at all. *Reinhart vs. The State*, 29 *Ga. R.*, 525. The conviction, we think, was right, and the Court below very properly overruled the motion for a new trial.

Judgment affirmed.