## GRAHAM v. THE STATE.

LAMAR, J. 1. Whether the liquor sold was intoxicating or not was a matter about which the evidence was in conflict, but that of the State was sufficient to warrant a conviction.

2. In a prosecution for the sale of liquor to a minor, under the Penal Code, § 444, the burden is on the defendant to show written authority from the parent or guardian. *Reich* v. *State*, 63 *Ga.* 620 ; *Amos* v. *State*, 34 *Ga.* 531 ; *Hines* v. *State*, 93 *Ga.* 187 (2).

*Judgment affirmed. All the Justices concur.*

Submitted January 16, — Decided January 26, 1905.

Indictment for selling liquor to minor. Before Judge Proffitt. City court of Elberton. November 28, 1904.

*T. L. Adams*, by *S. L. Olive*, for plaintiff in error.
*T. J. Brown*, solicitor, contra.

---

## HARVEY v. THE STATE.

EVANS, J. 1. An indictment for simple larceny, which charges the accused with stealing "one black and white male hog, of the personal goods" of a named person, sets forth a legally sufficient description of the stolen property. *Brown* v. *State*, 44 *Ga.* 300 ; *Rivers* v. *State*, 57 *Ga.* 28.

2. "The failure to charge a proposition of law applicable to the case can not be taken advantage of by assigning error upon a charge which is abstractly correct." *Roberts* v. *State*, 114 *Ga.* 450.

3. The evidence authorized the conviction of the accused, and the trial judge did not abuse his discretion in declining to grant a new trial.

*Judgment affirmed. All the Justices concur.*

Submitted January 16, — Decided January 26, 1905.

Indictment for simple larceny. Before Judge Spence. Worth superior court. November 28, 1904.

*Claude Payton*, for plaintiff in error.
*W. E. Wooten*, solicitor-general, contra.