*Smith & Kirkland*, contra.

---

### 4532. BLOCKER v. THE STATE.

1. As a rule, an exception or proviso in a statute which withdraws from the operation of the enacting clause defining the offense certain limited classes of persons or things, and which constitutes no part of the definition of the offense, need not be negatived in an indictment charging the accused in the language of the statute with a violation of its terms.

2. In the act of 1910 (Acts 1910, p. 134), which makes it an offense for any person, not at his house or place of business, to carry about his person or have in his manual possession a pistol, without first obtaining a license as prescribed by the act, the proviso that the act shall not apply to sheriffs, deputy sheriffs, marshals, and other persons and officers therein named, is no part of the definition of the offense and need not be negatived by the indictment. The exception in the proviso is matter of defense.

3. On the trial of one charged with a violation of the act of 1910 (Acts 1910, p. 134), the State makes out a prima facie case when it proves that the accused carried a pistol on his person, or had manual possession of a pistol, not at his home or place of business, and the burden is upon the accused to show, in answer to this evidence, that he had a license as prescribed by the act.

4. No error of law appears, and the evidence supports the verdict.

DECIDED DECEMBER 21, 1912.

6

Indictment for carrying pistol without license; from Early superior court—Judge Worrill. October 26, 1912.

The plaintiff in error was tried under an indictment containing two counts. The first count charged a violation of the statute prohibiting the carrying about the person of a concealed weapon, and the second count charged a violation of the act of 1910 (Acts 1910, p. 134), in that he carried on his person a pistol, without first having obtained a license as provided by that act. There was a demurrer to the second count, on the ground that it failed to allege that the accused was not an officer or person of the kind expressly excepted from the operation of the act. The demurrer was overruled, and exceptions pendente lite were duly preserved. The accused was convicted on the second count, and he filed a motion for a new trial, based upon the general grounds, and upon the ground that the court erred in certain instructions to the jury, to the effect that proof that the accused had a pistol on his person, outside of his residence or place of business, would make a prima facie case, and that the burden would then be upon the accused to show that he had complied with the law and obtained a license.

*Sheffield & Askew,* for plaintiff in error.

*J. A. Laing, solicitor-general, R. R. Arnold,* contra.

HILL, C. J. (After stating the foregoing facts.)

The demurrer to the second count of the indictment was properly overruled. The act of 1910 (Acts 1910, p. 134), upon which this count of the indictment was framed, is as follows: "An act to prohibit any person from having or carrying about his person, in any county in the State of Georgia, any pistol or revolver without first having obtained a license from the Ordinary of the county of said State in which the party resides, and to provide how said license may be obtained and a penalty prescribed for a violation of the same, and for other purposes." This is the caption or title of the act. Section 1 provides: "Be it enacted by the General Assembly of Georgia, and it is hereby enacted by authority of the same, that from and after passage of this act it shall be unlawful for any person to have or carry about his person, in any county in the State of Georgia, any pistol or revolver without first taking out a license from the ordinary of the respective counties in which the party resides, before such person shall be at liberty to carry around with him on his person, or to have in his manual possession

outside of his own home or place of business, *provided* that nothing in this Act shall be construed to alter, affect, or amend any laws now in force in this State relative to the carrying of concealed weapons on or about one's person, and *provided further,* that this shall not apply to sheriffs, deputy sheriffs, marshals, or other arresting officers of this State or United States, who are now allowed, by law, to carry revolvers; nor to any of the militia of said State while in service or upon duty; nor to any students of military colleges or schools when they are in the discharge of their duty at such colleges." It was insisted that the indictment should specifically allege that the accused was not of the class of persons or officers who were not embraced or covered by the inhibition of the act. The court did not err in overruling the demurrer. As to this question the case is controlled by the decision of the Supreme Court in *Kitchens* v. *State,* 116 *Ga.* 847 (43 S. E. 256). In that case the indictment was for a violation of the statute as to carrying weapons to courts, election precincts, etc. (Penal Code of 1910, § 348), which provides that it shall not apply to a sheriff or other arresting officer in the discharge of his official duty. The indictment was demurred to on the ground that it failed to allege that the accused was not an officer of this class. The Supreme Court affirmed the judgment overruling the demurrer, and held, that "Where a statute provides in general terms that the commission of a given act by any person shall constitute a penal offense, and then provides that the law thus framed shall not apply to a given class of persons, it is not necessary that an indictment based upon the statute should aver that the accused does not belong to the class of persons thus excepted from the operation of the law."

The State made a prima facie case of guilt on proof that the accused carried around with him on his person, or had in his manual possession, outside of his own home or place of business, a pistol, and it was incumbent upon the accused to show that he had a license for doing so, as required by the statute. This is squarely within the principle frequently announced by the Supreme Court, holding that under indictments for selling liquor without a license, where a license is required, or furnishing liquor to minors without written consent of the parent or guardian of the minor, and indeed in all those cases where written authority is required for the act, proof of the act puts the burden upon the defendant to show

his excuse or legal authority. *Sharp* v. *State,* 17 *Ga.* 290; *Amos* v. *State,* 34 *Ga.* 531; *Conyers* v. *State,* 50 *Ga.* 103; *Reich* v. *State,* 63 *Ga.* 616; *Hines* v. *State,* 93 *Ga.* 187 (18 S. E. 558); *Graham* v. *State,* 121 *Ga.* 590 (49 S. E. 678).

No error of law appears, and the verdict is fully supported by the evidence.　　　　　　　　　　　*Judgment affirmed.*