### 4598. SIMS v. THE STATE.

POTTLE, J. 1. On the trial of one charged with the offense of carrying a pistol without a license, it is not necessary for the State to affirmatively negative the existence of the license. *Blocker* v. *State*, ante, 81 (76 S. E. 784); *Williams* v. *State*, ante, 84 (76 S. E. 785).

2. The evidence authorized the verdict.      *Judgment affirmed.*

DECIDED FEBRUARY 18, 1913.

Accusation of carrying pistol without license; from city court of Jackson—Judge Fletcher. November 30, 1912.

*J. T. Moore,* for plaintiff in error.

*C. L. Redman,* solicitor, contra.

---

### 4605. BELMAS v. THE STATE.

HILL, C. J. The plaintiff in error was convicted of simple larceny, and his motion for a new trial, based upon the general grounds, was overruled. The indictment (omitting formal parts) alleged that "said Gabriel Belmas did, on the 25th day of November, A. D. 1911, in the county aforesaid, unlawfully and with force and arms, and wrongfully and fraudulently, take and carry away, with intent to steal the same, fifteen bushels Indian corn in the shuck, of the value of $12.00, and being then and there the personal goods and chattels of one R. P. Hicks." The evidence, briefly stated, is as follows: The accused sold to a merchant in a near-by town, about the time alleged in the indictment, $3 worth of "ear corn." The corn was not in the shuck and was in crocus sacks. The merchant paid to the accused seventy-five cents a bushel for it; and on several other occasions the same merchant purchased from the accused small quantities of corn, for which he gave provisions to the accused. The evidence of the prosecutor was that at or about the time charged in the indictment, he lost from his pile of corn, which was in his crib, about fifteen bushels of "corn in the shuck." The accused was a cropper for the prosecutor and had a key to the crib, given to him by the prosecutor. The accused had made corn that year on his own farm, and was cropping with the prosecutor on halves, and the prosecutor had bought all of his corn. *Held:* The evidence did not prove that the accused was guilty as alleged in the indictment, and the conviction was wholly unauthorized.   *Judgment reversed.*

DECIDED FEBRUARY 18, 1913.

Indictment for larceny; from Johnson superior court—Judge Hawkins. December 13, 1912.

*J. L. Kent,* for plaintiff in error.

*E. L. Stephens,* solicitor-general, contra.