*John P. Ross, solicitor-general*, contra.

---

7666, 7667, 7668.  HARDISON v. THE STATE.
7669, 7670, 7671.  GIBSON v. THE STATE.

1. The point that the joint trial of the accused was illegal, because they were not jointly indicted, was not raised in the trial court, and is presented only by brief of counsel, and therefore can not be considered.

2. The exception to the charge of the court, on the ground that the jury were not instructed that "the burden of proof is upon the State to show the guilt of the defendants beyond a reasonable doubt," is without merit, the court having charged the jury as to the presumption of innocence, and that the presumption remains until the guilt of the accused is shown beyond a reasonable doubt, and that the jury would not be authorized to convict until satisfied, from the evidence, that the accused were guilty beyond a reasonable doubt.

3. The court did not err in charging the jury to the effect that if the accused shot at the person alleged to have been shot at, the jury would be authorized to find a verdict of guilty of the offense of shooting at another.  There was nothing to require the court to submit the question whether the shooting was in self-defense or under circumstances of justification, since on the one hand the testimony showed that there was no provocation or excuse for the shooting, and on the other the shooting was denied.

4. The court, in charging the jury on the offense of carrying a pistol without a license, did not err in the instructions as to the presumption arising where one has a pistol about his person, not at his home or place of business.

5. The evidence authorized the verdicts of guilty.

DECIDED OCTOBER 18, 1916. REHEARING DENIED OCTOBER 31, 1916.

Indictments for misdemeanor; from Bibb superior court— Judge Mathews. June 22, 1916.

*John R. Cooper,* for plaintiffs in error.

*John P. Ross, solicitor-general,* contra.

WADE, C. J. 1. The several records in these cases disclose that three separate indictments were preferred against each of two defendants, charging each of them with the commission of three distinct crimes growing out of one affair, and committed on the same day and at the same time and place, and that the two defendants were tried together before one jury on all six of the indictments; that only one charge was delivered by the court, and that it covered the general principles of criminal law applicable and also the law especially applicable to each separate and distinct offense alleged against each of the persons accused; that a separate verdict of guilty was returned on each of the indictments, that a motion for a new trial was made in each of said cases and overruled by the trial judge, and that a separate bill of exceptions complaining of the refusal to grant the said motions was sued out in all six cases. The note of the trial judge, appended to the motions for a new trial in each of the six cases, recites that "By and with the consent of Mr. B. J. Fowler, attorney of record for the defendants, who represented them upon their trials, acting on behalf of the defendants, and the consent of the solicitor-general on behalf of the State, the two defendants were tried together, though not jointly indicted, and on all three indictments against each of them, at one time and before the same jury." The trial of the two defendants at the same time and by the same jury on the several separate indictments against them was not complained of in any of the original motions for a new trial, or in the amendments thereto; nor is there any assignment of error upon this ground in any of the six separate bills of exceptions. The complaint, made only in the brief of counsel for the plaintiffs in error (not the counsel who appeared in the court below and consented to the joint trial of the two defendants), that the several verdicts returned were illegal and

void because the two defendants were jointly tried, though not jointly indicted, is therefore not properly before us, and can not be considered.

2. There is no merit in the ground of the amendment to the motion for a new trial which complains that the court erred in omitting to charge the jury "that the burden of proof is upon the State to show the guilt of the defendants beyond a reasonable doubt." The court fully instructed the jury that each of the defendants entered upon his trial with the presumption of innocence in his favor, and that this was true "as to all the indictments upon which they have been arraigned or upon which they are standing their trials before you, and that presumption remains with them throughout the case and until the State has shown their guilt to a reasonable and moral certainty and beyond a reasonable doubt, and you would not be authorized to convict them until your minds are satisfied from the evidence produced to you that they are guilty to a reasonable and moral certainty and beyond a reasonable doubt." In addition to this general instruction, the court specially instructed the jury that they must "consider each indictment separately and find a separate verdict as to each indictment and as to each defendant," and further specifically instructed the jury, as to each charge preferred against each of the defendants, that they would not be authorized to convict him on that indictment, unless satisfied of his guilt beyond a reasonable doubt. "An explicit and comprehensive charge on the subject of reasonable doubt, wherein the jury are instructed in effect that if after considering the entire case they should have a reasonable doubt of the defendant's guilt it is their duty to acquit, sufficiently informs the jury that the burden is on the State to prove the defendant's guilt." *Thomas* v. *State,* 129 *Ga.* 419 (4), 423 (59 S. E. 246).

3. The excerpt from the charge of the court complained of in the second ground of the amendment to each of the motions for a new trial related to the indictments for the offense of shooting at another, and contained nothing harmful to the accused. Each defendant denied absolutely that he discharged a pistol as alleged, or even had one in his possession, and nowhere in their statements or in the testimony for either the State or the accused was any justification or even provocation for the alleged discharge of firearms suggested, intimated, or inferable. The evidence for the State,

which alone supported the separate charges of shooting at another, and which the jury accepted as establishing the fact of the shooting, could not by any possible interpretation be construed to show any kind of shooting but an unlawful shooting. The court therefore did not err in instructing the jury that if it appeared beyond a reasonable doubt and to a reasonable and moral certainty that each of the defendants shot at the person alleged to have been shot at by him, they would be authorized to find a verdict of guilty of this offense; for, under all the testimony, this was the only issue raised by the statements of the accused or the testimony in their behalf, and there was nothing to require the judge to submit the question whether or not either defendant shot in his own defense or under circumstances of justification, since on the one hand the testimony showed that the shooting was without any provocation or excuse whatever, and on the other the fact of the shooting was denied altogether. This ruling applies also to the third ground of the amendment to each of the motions for a new trial.

4. The fourth ground of each amendment to the motions for a new trial complains of an excerpt from the charge of the court relative to the indictments charging the accused in two counts with the offense of carrying concealed weapons and with the offense of carrying a pistol without a license. The objection that the court did not in this excerpt tell the jury that "the burden of proof was upon the State" to make out the defendant's guilt of carrying a concealed weapon, before they would be authorized to convict, is covered by the ruling in paragraph 2 above. Error is further assigned on this excerpt, upon the ground that the court therein expressed an opinion as to the proof in the case, by the use of the following language: "It does not appear he has taken out a license as prescribed by law, and the jury has a right to presume that he has no such license and find him guilty." To this the court added: "Or the burden would be on him unless he meets that contention; that would be sufficient to find him guilty, provided he had a pistol about his person and not at his home or place of business." The excerpt complained of, when coupled with the additional words above set forth, as well as with other instructions from the court to the effect that the jury would only be authorized to convict the two defendants of the offense of carrying a pistol without a license in the event that they found from the evidence,

beyond a reasonable doubt, that each of the said defendants carried about his person a pistol at a place not his home or place of business, conveyed no intimation of opinion as to the guilt of the defendants. "On the trial of one charged with a violation of the act of 1910 (Acts of 1910, p. 134), the State makes out a prima facie case when it proves that the accused carried a pistol on his person, or had manual possession of a pistol, not at his home or place of business, and the burden is upon the accused to show, in answer to this evidence, that he had a license as prescribed by the act." *Blocker* v. *State,* 12 *Ga. App.* 81 (3), 83 (76 S. E. 784). See also *Russell* v. *State,* 12 *Ga. App.* 557 (77 S. E. 829) ; *Harden* v. *State,* 17 *Ga. App:* 322 (86 S. E. 736) ; *Elkins* v. *State,* 17 *Ga. App.* 479 (87 S. E. 713). There was absolutely no attempt made by either of the defendants to assume the burden imposed by law and show that either of them had in fact a license authorizing him to carry a pistol as provided by law. Nor is there, for the reasons alleged above, any merit in the 5th ground of the amendment to each of the motions for a new trial.

5. The evidence was sufficient to support the verdict of guilty in each one of the six cases under review; no error of law was committed by the trial judge; and the court did not err in overruling the motions for a new trial.      *Judgment affirmed.*