## THOMAS *v.* THE STATE.

No. 6524. NOVEMBER 14, 1928.

*W. O. Cooper Jr.,* for plaintiff in error.

*George M. Napier, attorney-general, Charles H. Garrett, solicitor-general,* and *T. R. Gress, assistant attorney-general,* contra.

HILL, J. ■ Will Thomas was indicted for the murder of Albert Jackson by shooting him with a shotgun. He was found guilty and recommended to the mercy of the court, and was sentenced to life imprisonment in the penitentiary. He made a motion for new trial upon the general grounds and one special ground. The court overruled his motion, and he excepted. The evidence for the State showed that Albert Jackson, the deceased, about 10 o'clock on the night of the killing appeared at the store of Ed Jordan in Macon, and there bought some fish which he ate while in the store. He offered to buy a drink of coca-cola, but Jordan had no iced coca-cola, and directed the deceased to the store of one Cohen, across the street from Jordan's store. While Jackson was in Jordan's store the defendant came in and said to Jackson, "I am a good will to knock you out right now." Jackson said, "What for?" Jordan, the proprietor of the store, said: "You are not going to do anything like that in here." Jackson went out of Jordan's store and across the street to Cohen's store, where he met a man with whom he was acquainted, and purchased two bottles of coca-cola, one for himself and one for the other man. The defendant remained in the store of Jordan for a few minutes after Jackson left. Jordan asked the defendant what he had against Jackson; and he replied, with an oath, that there was noth-

ing between them, but that he just didn't like Jackson. The defendant then went out of Jordan's store and across the street to his dwelling-house near Cohen's store, and, reaching under the steps of the front door, took out a shotgun and went to the front door of Cohen's store. By this time Jackson and his friend had finished drinking the coca-cola and had turned to go out of the store. When near the front door, and without a word from either of them, the defendant fired the gun, striking the deceased in the right side, the shot tearing a large hole in his stomach. From that wound he died within a few minutes. As soon as he was shot he made the statement that he was shot for nothing. He had no weapon on his person. The defendant disappeared from Macon, and was apprehended and captured about seven years later, near Buffalo, New York. On the trial he relied solely upon his statement to the jury, in which he said, that, a few minutes before the homicide occured, Jackson had held him up, together with three of his friends, at the point of a pistol, and had subsequently undertaken to kill them all with a pistol; that he asked Jackson to give back his money which had been taken from him, whereupon Jackson drew or attempted to draw a pistol; and that the defendant shot him in order to save his own life. From the foregoing synopsis of the evidence we do not see how the jury could have done otherwise than find the defendant guilty. The verdict was authorized.

■ The special ground of the motion alleges error in the following charge to the jury: "But on the contrary, if Jackson was making an assault upon him, and Jackson's conduct justified him in believing, justified the defendant in believing, that his life was in danger on account of the fact that Jackson was about to kill him, or was about to inflict upon him a felonious assault, and if that was the reason he shot Jackson, or if the circumstances were such as to give him, as a reasonable man, to believe that Jackson was about to kill him, was about to draw a pistol, was in the act of drawing a pistol, and for that reason he shot him, and such danger really existed, or the circumstances justified the defendant in believing such an imminent danger then and there existed, he would be justified. Look into the case and see what the facts are. Was it a deliberate killing as a result of premeditation, or was it a killing where the killer had no provocation and where all the circumstances show the killer acted in an abandoned and malignant

heart, or did the circumstances justify the defendant in believing, as a reasonable man, his life was in danger?" The exception is on the ground that the court omitted to charge, in this connection, that if the facts and circumstances were such as to excite the fears of a reasonable man that there was being made or was about to be made upon the defendant a felonious assault by Jackson, and if the defendant acted under the influence of those fears and not in a spirit of revenge, it would be justifiable homicide, although it might appear later that he was not in any real danger, and it would be the duty of the jury to acquit the defendant. It is insisted that the court omitted entirely, in the above charge on the doctrine of reasonable fears, to charge the proposition that if at the time of the homicide the defendant was acting under the fears of a reasonable man that a felonious assault was about to be committed upon him by the deceased, and he acted under those fears, although it appeared later that the defendant was in no danger, it would be justifiable homicide, and the jury would be authorized to return a verdict of not guilty. Defendant further excepts for the reason that the court failed to charge in this connection that if the jury had a reasonable doubt, after a consideration of all the evidence, that the defendant acted, when he shot, under circumstances calculated to excite the fears of a reasonable man, or whether he felt and had reason to feel from the circumstances that it was necessary to shoot to save his own life, or to save himself from serious personal injury, then he would be justifiable, and it would be the duty of the jury to give him the benefit of the reasonable doubt and acquit him. We are of the opinion that these contentions are without merit. The court gave in charge a correct principle of law as applicable to the facts of the case; and that being so, and the court also having in the general charge instructed the jury fully and correctly on the law of reasonable doubt, an exception based upon the proposition that another correct principle of law should also have been charged in the same connection is without merit. *Roberts* v. *State,* 114 *Ga.* 450 (2) (40 S. E. 297) ; *Harvey* v. *State,* 121 *Ga.* 590 (2) (49 S. E. 674) ; *Nail* v. *State,* 125 *Ga.* 234 (2) (54 S. E. 145) ; *Jackson* v. *State,* 134 *Ga.* 473 (3) (68 S. E. 71) ; *Powers* v. *State,* 138 *Ga.* 624 (4) (75 S. E. 651). The charge was not subject to any of the attacks made on it; and

there was no error in refusing a new trial, either upon the general grounds or on the special ground of the motion for new trial.

*Judgment affirmed. All the Justices concur.*