19469. FANNING *v.* THE STATE.

532

*Hugh E. Combs,* for plaintiff in error.

*M. L. Felts, solicitor-general,* contra.

LUKE, J. 1. The indictment in this case charges the defendant, in two counts, with carrying a pistol concealed, and with carrying a pistol without a license. The jury returned a verdict of guilty; the defendant made a motion for a new trial, which was overruled; and to this ruling he excepts. A witness for the State, in addition to testifying as to the time, place, etc., swore: "I saw him (the defendant) with a pistol on the Sunday night when they caught us skinning, on the other side of the railroad trestle. . . I saw this defendant Lloyd Fanning with a pistol. . . The pistol was *hid* down in his overall pocket. . . I seen him take the pistol out of his pocket." This evidence authorized a conviction under both counts. "On the trial of one charged with a violation of the act of 1910 (Acts 1910, p. 134), the State makes out a prima facie case when it proves that the accused carried a pistol on his person, or had manual possession of a pistol, not at his home or place of business, and the burden is upon the accused to show, in answer to this evidence, that he had a license as prescribed by the act." *Blocker* v. *State,* 12 *Ga. App.* 81 (3) (76 S. E. 784); *Harden* v. *State,* 17 *Ga. App.* 322 (86 S. E. 736). See also *Butler* v. *State,* 18 *Ga. App.* 201 (2), 202 (89 S. E. 178).

2. The only special ground of the motion for a new trial complains that the verdict was contrary to the evidence, under the following charge of the court: "If you believe, beyond a reasonable doubt, that this defendant did, at any time within two years prior to the finding and returning of the bill of indictment into court by the grand jury in the county of Wilkes, commit the offense with which he is charged in the bill of indictment, under both counts thereof, and in the way and manner charged, you would be authorized to find him guilty, and the form of your verdict would be, 'We, the jury, find the defendant guilty.'" Under the authorities cited above and the evidence introduced by the State,

the burden was upon the accused to show, in answer to this evidence, that he had a license to carry the pistol; and he failed to do so. The excerpt quoted states a correct proposition of law, and the verdict was not contrary thereto.

3. The evidence authorized the verdict, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*