21402. YOUNG *v.* THE STATE.

DECIDED JUNE 9, 1931.

*W. A. McClellan, T. A. Jacobs Jr.,* for plaintiff in error.
*John Y. Roberts, solicitor,* contra.

LUKE, J. Homer Young was tried under an accusation containing two counts, the first count charging that the defendant carried a concealed pistol in the county of Bibb on April 5, 1930, and the second count charging that the defendant carried about his person and had in his manual possession, outside of his own home and place of business, a pistol in said county on said date. The jury found the defendant guilty "on the second count only." The exception here is to the judgment overruling his motion for a new trial which contained the general and three special grounds.

T. E. Garrett testified: that he was "chief of detectives of the City of Macon" on April 5, 1930; that on said date witness, with several other officers, went to "a house at 1078 Walnut street;" that said house was rented by Mrs. Ives, and that defendant had a room there; that he did not find the defendant at said house, and, after a search, found him "standing at the corner of Third and Pine streets," with his "car parked there in the street;" that witness had defendant get in defendant's car with him, and they drove to 1078 Walnut street and went in the house; that witness left defendant in the front room of said house with officer O'Cain while he and the other officers searched the house for whisky; that after witness arrived at said house he learned that defendant and officer O'Cain did not get along well together, and witness sent Captain Jackson to the front room to be with defendant and O'Cain; that witness returned to said front room within about five minutes after leaving defendant there and searched him, and found a concealed derringer in defendant's pocket; and that the place where witness

found defendant and the house where he was searched were both in Bibb County, Ga. Upon cross-examination Garrett testified that he did not search defendant at the corner of Third and Pine streets, and did not see any pistol then; that witness took charge of defendant at the corner of said streets, and considered that he arrested him there; that witness could not say whether defendant had the pistol in his possession when he arrested him, since he could have gotten it out of the pocket or off the seat of the automobile while the two were en route to 1078 Walnut street—that witness was not paying much attention to defendant. Officer O'Cain testified that he did not see the defendant put any pistol in his pocket in said room at 1078 Walnut street; that defendant was in witness's presence in said room up to the time officer Garrett returned to make his search of defendant, and that witness was not present when Garrett said he found the pistol. Officer Jackson testified that he never saw any pistol while he was with defendant and O'Cain in said room; that he never saw Garrett make any search of defendant for a pistol; and that he never saw any pistol until afterwards.

The gist of the defendant's statement to the jury is as follows: "I did not intend to carry any pistol concealed. If it was concealed, I did not intend for it to be concealed. . . We got in my car and drove to 1078 Walnut street, where I had a room and lived. . . I did not have a pistol with the view of harming any one, and did not intend for it to be concealed. . . If it was concealed, I did not intend for it to be concealed."

1. The following is the law pertinent to this case (Ga. L. 1910, p. 134): "It shall be unlawful for any person to have or carry about his person, in any county in the State of Georgia, any pistol or revolver without first taking out a license from the ordinary of the respective counties in which the party resides, before such person shall be at liberty to carry around with him on his person, or to have in his manual possession outside of his own home or place of business. . ." The last clause quoted above appears to be incomplete, but it evidently refers to the pistol or revolver first mentioned. In *Fanning* v. *State*, 39 *Ga. App.* 531, 532 (147 S. E. 788), this court quotes the following well-established rule: "On the trial of one charged with a violation of the act of 1910 (Acts 1910, p. 134), the State makes out a prima facie case when it proves

that the accused carried a pistol on his person, or had manual possession of a pistol, not at his home or place of business, and the burden is upon the accused to show, in answer to this evidence, that he had a license as prescribed by the act." In the *Fanning* case the following decisions are cited: *Blocker* v. *State,* 12 *Ga. App.* 81 (3) (76 S. E. 784); *Harden* v. *State,* 17 *Ga. App.* 322 (86 S. E. 736); *Butler* v. *State,* 18 *Ga. App.* 201 (2), 202 (89 S. E. 178).

When measured by the foregoing rule of law, we think that the evidence, together with the defendant's statement, warranted the jury in finding the defendant guilty under the second count of the accusation, and, therefore, we hold that the court did not err in overruling the general grounds of the motion for a new trial.

2. The first special ground of the motion for a new trial complains that the court failed to give a charge requested in writing in regard to carrying concealed weapons, and the third and last special ground alleges error in a charge to the effect that if a pistol is carried concealed but for a moment, the law is violated. Since the defendant was acquitted of carrying a concealed weapon, we are at a loss to understand how it could be concluded that his case was in any wise injured either by the court's refusal to charge or by the charge complained of. Therefore we see no reason for considering these two grounds.

3. The second special ground complains that the court refused to give a long instruction requested in writing, the gist of which is as follows: "If you believe this defendant did not intend to have and carry about any pistol, but that he was carried involuntarily from Third and Pine streets to Walnut street, and this carrying was against his will and without his consent, and was the result of his arrest and involuntary action in being carried, and that any pistol which he may have had was thus involuntarily carried about, and he did not intend to have and carry any pistol, . . then he could not be convicted of carrying any weapon while he was involuntarily taken and carried about by the police officers." The trial judge charged the jury in the language of the Penal Code (1910), § 31, that "A crime or misdemeanor shall consist in a violation of a public law, in the commission of which there shall be a union or joint operation of act and intention, or criminal negligence;" and instructed them in effect that the defendant could not be convicted under the second count of the accusation for having

a pistol in the house where he lived; and further charged them that if they believed that the defendant had in his possession a pistol at the corner of Third and Pine streets where he was found, and that such place was not his place of business, they should convict him. Immediately following the last instruction the court charged: "Of course, if you believe at that time he did not have a pistol, then you could not find him guilty under the second count." We are satisfied that the trial judge did not err in refusing to give the requested charge.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*