## 25345. MILLER v. THE STATE.

BROYLES, C. J. The evidence tending to connect the accused with the offense charged (burglary) was wholly circumstantial (the incriminatory statement made by the defendant not amounting to a confession, and not being direct evidence), and, while raising a strong suspicion against him, was not sufficient to exclude every reasonable hypothesis save that of his guilt. The court erred in overruling the motion for a new trial.   *Judgment reversed. MacIntyre and Guerry, JJ., concur.*

DECIDED JANUARY 10, 1936.

*Thomas J. Shackelford, George W. Westmoreland,* for plaintiff in error.

*Clifford Pratt, solicitor-general, H. W. Davis,* contra.

## 25352. JOHNSON v. THE STATE.

GUERRY, J. The defendant was charged with carrying a pistol without a license, and with carrying a concealed weapon. He was convicted of carrying a pistol without a license. The officers who made the arrest testified that they saw the defendant sitting in his car, with a pistol in his hand. There was no showing by him that he had a license to carry the pistol, as required by law. *Fanning v. State,* 39 *Ga. App.* 531 (147 S. E. 788) ; *Young v. State,* 43 *Ga. App.* 398 (158 S. E. 922). The evidence was sufficient to support the verdict. The assignments of error, upon investigation, appear to be without merit.

    *Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED JANUARY 10, 1936.

*J. O. Ewing, C. G. Battle,* for plaintiff in error.

*John S. McClelland, solicitor, John A. Boykin, solicitor-general, J. W. LeCraw,* contra.