## 27022. McHENRY *v.* THE STATE.

Decided September 24, 1938.

*Frank A. Bowers,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, E. A. Stephens,* contra.

GUERRY, J. ■ "On the trial of one charged with a violation of the act of 1910 (Acts 1910, p. 134 [Code, § 26-5103]), the State makes out a prima facie case when it proves that the accused carried a pistol on his person, or had manual possession of a pistol, not at his home or place of business; and the burden is upon the accused to show, in answer to this evidence, that he had a license as prescribed by the act." *Blocker* v. *State,* 12 *Ga. App.* 81 (3) (76 S. E. 784); *Williams* v. *State,* 12 *Ga. App.* 84 (2) (76 S. E. 785); *Sims* v. *State,* 12 *Ga. App.* 363 (77 S. E. 188); *Russell* v. *State,* 12 *Ga. App.* 557 (77 S. E. 829); *Harden* v. *State,* 17 *Ga. App.* 322 (86 S. E. 736); *Hardison* v. *State,* 18 *Ga. App.* 692 (90 S. E. 374); *Green* v. *State,* 23 *Ga. App.* 519 (98 S. E. 553); *Fanning* v. *State,* 39 *Ga. App.* 531 (147 S. E. 788); *Young* v. *State,* 43 *Ga. App.* 398 (158 S. E. 922); *Johnson* v. *State,* 52 *Ga. App.* 383 (183 S. E. 194); *Vinson* v. *State,* 45 *Ga. App.* 220 (4) (164 S. E. 209). In the present case four witnesses positively identified the defendant as one of two persons who held up and robbed each of them at different times and places. Each witness testified that on the occasion of the robbery the defendant had a pistol in his hand. He produced no evidence that he had a license to carry a pistol. Therefore the evidence was sufficient to support the verdict as to the first count.

In pressing upon this court the illegality of the conviction of the defendant under the first count, the only point made is that the State failed to prove that the defendant had no license to carry a pistol; it being asserted that the principle quoted in the headnote is unsound, in that "there is never a presumption of an unproven fact against one on trial for crime in this State, but that the burden of proof is upon the State to prove each and every material

allegation in an indictment." It is true that as a general rule, "in criminal cases, the law requires that the State shall prove all the essential facts entering into the description of a crime, and, except in a very few special cases, the defendant can not be put upon his defense, until the State has shown affirmatively every such fact." *Conyers* v. *State,* 50 *Ga.* 103 (15 Am. R. 686). It is quite often true, however, that the State may make out its case by use of presumptions, and that this does not violate any right of the defendant. See *Moon* v. *State,* 49 *Ga. App.* 9 (174 S. E. 176), and cit. The principle stated in the cases cited above finds support in the general principle that where the crime charged involves proof of a negative (in the present case, that the defendant did not have a license to carry a pistol), which negative is difficult of proof by the State and is peculiarly within the knowledge of the defendant, proof of the doing of the act so prohibited (carrying a pistol) makes out a prima facie case for the State, and the burden is cast upon the defendant to disprove the negative. In such a case it is legitimate to infer that if the defendant fails to produce proof that he has secured a license, the truth in fact is that he has not done so. In 16 C. J. 530, § 998, the principle is stated as follows: "Where the subject-matter of a negative averment in the indictment, or a fact relied upon by defendant as a justification or excuse, relates to him personally, or otherwise lies peculiarly within his knowledge, the general rule is that the burden of proof as to such averment or fact is on him." The rule laid down in the *Blocker* case, supra, deprives the defendant of no right and is, as we see it, a sound principle of law. The request that we certify the question to the Supreme Court is denied.

■ The mere showing that upon different occasions the defendant was seen with a pistol in his hand (these being occasions when he was in the act of robbing another) does not authorize a finding that the defendant carried a concealed weapon in violation of the Code, § 26-5101. Under this ruling the defendant is entitled to a new trial as to the charge of carrying a concealed weapon, as set out in the second count.

*Judgment affirmed in part and reversed in part. Broyles, C. J., and MacIntyre, J., concur.*