29256. HALL *et al. v.* THE STATE.

DECIDED FEBRUARY 5, 1942.

C. L. Cowart, for plaintiff in error.

R. L. Dawson, solicitor-general, contra.

MACINTYRE, J. J. C. Ware, Tob Hall, and Allen Moody were indicted in two counts for cattle stealing. Count 1 alleged that the defendants did "wrongfully and fraudulently take and carry away with intent to steal the same one certain red-and-white heifer yearling, of the animal species known as a cow, and of the female sex, *marked swallow-fork underbit in one ear, and under and upper-*

*bit in the other ear,* weighing approximately three hundred and fifty pounds, and of the value of $50, *and being the personal property of Hubbert Howard."* (Italics ours.) Count 2 alleged that the defendants did "unlawfully, wrongfully, and fraudulently take and carry away with the intent to steal the same one certain red-and-white heifer yearling, of the animal species known as a cow, and of the female sex, weighing approximately three hundred fifty pounds, and being of the value of $50. *The marks and ownership of said cow being to the grand jury unknown."* (Italics ours.) Upon motion, a verdict was directed as to count 1. Hall and Moody were convicted under count 2. To the overruling of their motion for new trial the defendants excepted.

1. The defendants contend in their brief that "the indictment charged the defendants in two separate counts with the theft of the same cow; one count alleging that the cow was of a certain mark and belonged to Hubbert Howard, while the other count, while charging the theft of the same cow, alleged that the marks and ownership were unknown, and that therefore the verdict finding them not guilty as to count 1 but guilty as to count 2 was repugnant, and a new trial should be granted. Where cows of various owners run on an open range, generally the best means by which an owner can identify his cows is to have a "cattle mark," and when thus marked he can tell his cows from the cows of other owners. Code, § 62-101, et seq. We think the reasonable construction of the indictment is that it referred to two different cows. While there were certain general characteristics of the two cows which were the same, to wit, color, size, and sex, yet the first count distinctly identified the cow alleged therein to have been stolen as the cow of Hubbert Howard, marked with his cattle mark, and the second count alleged the theft of another cow, the ownership and cattle mark of which were unknown. An examination of the testimony discloses that the State was trying to prove the theft of two cows, on different occasions, three or four days apart. The court evidently thought the State had failed to prove the theft of the cow belonging to Hubbert Howard and marked with his cattle mark, and directed a verdict of not guilty on count 1, but allowed count 2 to go to the jury, and a verdict of guilty under that count was returned. There was nothing inconsistent or repugnant in the finding of the jury when they acquitted the defendants of stealing

one cow and convicted them of stealing an entirely different cow. *Hathcock* v. *State*, 88 *Ga*. 91 (2) (13 S. E. 959); *Kuck* v. *State*, 149 *Ga*. 191 (99 S. E. 622); *Boyd* v. *State*, 156 *Ga*. 48 (118 S. E. 705); *Webb* v. *State*, 47 *Ga. App*. 505 (170 S. E. 827).

2. The defendants contend that a new trial should be granted because one of the jurors was of kin within the prohibited degree to Hubbert Howard, the owner of the cow alleged in count 1 to have been stolen. As to count 1 we think the allowing of the juror to serve was harmless, in that there was a verdict on this count of not guilty which was in favor of the defendants. As to count 2 under which the defendants were found guilty, it was neither alleged nor proved that Hubbert Howard had any interest in that cow, nor was he the prosecutor in the case. The exception is therefore not meritorious.

3. Under the evidence the jury were authorized to find that the defendants, alleged in the indictment to have committed the crime charged, associated themselves in a joint unlawful enterprise, to wit, cattle stealing, and that the act of one done in pursuance and furtherance of the conspiracy was, in legal contemplation, the act of all, and that the evidence authorized the conviction of the two defendants. *Adams* v. *State*, 51 *Ga. App*. 30 (179 S. E. 417).

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*