32520. HUNTER *v.* THE STATE.

Decided November 9, 1949.

*Ira Carlisle, Bell & Baker,* for plaintiff in error.
*Maston O'Neal, Solicitor-General, Cain & Smith,* contra.

MacIntyre, P. J. Where one is indicted for fraudulently taking and carrying away with intent to steal the same, "one red bull with white face and white down the back to the hips.

and with white feet, horns about six inches long, unmarked, of the value of $60, the property of A. B. Chambless, also one dark brindle colored bull, unmarked, of the value of $50, the property of little George McGriff, also *one black angus heifer cow, marked crop and underbit in one ear and undersquare in the other ear,* of the value of $40, also one black angus bull, unmarked, of the value of $40, also *one dark red polled cow marked crop and underbit in one ear and undersquare in other ear,* branded with the letter 'H' of the value of $50, the last three described animals being the property of Cuy Harrell & Sons," and the defendant demurs specially to the italicized portion of the indictment, on the ground of the failure to state in which ear the marks appear, and the court overrules the special demurrers and proceeds to trial, whereupon the defendant is found guilty, the trial and conviction are nugatory as the demurrers should have been sustained. While the indictment may have been needlessly particular in its description of these two animals *Crenshaw* v. *State,* 64 *Ga.* 449; *Robertson* v. *State,* 97 *Ga.* 206 (22 S. E. 974), there being sufficient description of the animals without reference to the markings (*Harvey* v. *State,* 121 *Ga.* 590, 49 S. E. 674; *Brown* v. *State,* 44 *Ga.* 300; *Rivers* v. *State,* 57 *Ga.* 28) — yet where the defendant by a timely, written special demurrer demands that he be apprised in which of the respective ears these marks occur on each of the two animals so described, he is entitled to such information. Code § 26-2608 provides: "The indictment [for cattle stealing] shall sufficiently describe the animal falling under the description of cattle . . . so that it may be ascertained and identified by the owner," and our law still provides for the recording of marks and brands of cattle. See Code, § 62-101 et seq. It is entirely feasible that the same type marks and brands may appeal to different owners and the same marks may be used simply by reversing the ears on which the brand or marks are placed. For instance, a cow marked crop and underbit in the right ear and undersquare in the left ear might belong to A while a cow marked crop and underbit in the left ear and undersquare in the right ear might belong to B. There would be two different cows. See, in this connection, *Hall* v. *State,* 66 *Ga. App.* 592, 593 (18 S. E. 2d, 643). *Crenshaw* v. *State,* supra; *Robertson* v. *State,* supra;

*Smith* v. *State*, 185 *Ga.*. 367 (195 S. E. 144). Accordingly, the special demurrer, which was timely and in writing, should have been sustained, and the further proceedings in the case were nugatory.

*Judgment reversed. Gardner and Townsend, JJ., concur.*