## 45717. PICKETT v. THE STATE.

Evans, Judge. The defendant was indicted and tried for a charge of aggravated assault and for a misdemeanor in two counts, i. e., (1) carrying a concealed weapon; and (2) carrying a pistol without a license. He was convicted of the lesser offense of simple assault and carrying a pistol without a license, and sentenced to two consecutive 12-month terms. The appeal is from this judgment and sentence. *Held:*

1. The defendant having admitted during the trial that he did not have a license to carry a pistol, and having been found with it "on or about his person outside of his home, automobile or place of business . . . for which he has not obtained a license from the ordinary of the county in which he resides" (Ga. L. 1968, pp. 1249, 1323; *Code Ann.* § 26-2903) a prima facie case was made by the State of carrying the pistol without a license. *Williams v. State,* 12 Ga. App. 84 (2) (76 SE 785); *Elkins v. State,* 17 Ga. App. 479 (87 SE 713); *Hardison v. State,* 18 Ga. App. 692 (4) (90 SE 374). But where one suddenly, upon an emergency, acquires manual possession of a pistol for the purpose of defending himself, his family, or his property, he is not guilty of carrying a pistol without a license in violation of the above law. *Caldwell v. State,* 58 Ga. App. 408 (198 SE 793). The sworn testimony of the defendant shows that he was faced

with an emergency of protecting himself from serious injury from another, and thereupon obtained the pistol from the car he was using. A charge under the evidence involving sudden emergency or urgent necessity for self-defense was required. The sworn testimony shows the pistol involved here was the property of the defendant's brother, a police officer. The accused and his brother had been target-practicing on the police range earlier on the day of the shooting. The defendant had borrowed the car and had taken his brother to the police range in it at the brother's request in order to fire weapons, including this pistol. The testimony is vague as to whether the pistol was left in the car, or that the defendant had obtained it from his brother's house. However, the jury could have inferred that it was left in the car by the owner since the owner did not know how his brother, the defendant, got possession unless the owner left it in the car. While the request to charge may have been argumentative, verbose and imperfect in form, which would not require the written request to be given verbatim, yet the accused was entitled to a charge as to the only defense which he claimed, and when the court refused to charge on sudden emergency, and charged merely the language of the statute as to possession of a pistol outside of his home, automobile or place of business, this was tantamount to a direction of a verdict, requiring a reversal on this ground alone.

2. A police report may be admissible as a business entry under Ga. L. 1952, p. 177 (*Code Ann.* § 38-711) where a proper foundation is laid, but when it includes hearsay statements, opinion evidence, and conclusions, it is not generally admissible. See *Wesley v. State,* 225 Ga. 22 (2) (165 SE2d 719); *Calhoun v. Chappell,* 117 Ga. App. 865 (2a) (162 SE2d 300). Impeachment of the police officers might have been attempted by cross examining them as to their testimony being in conflict with the information in the police report, but the police report itself would not be allowed in evidence since these officers testified from the stand. The court did not err in excluding the police report.

3. Since the court charged as to the lesser offense of simple assault, which was authorized by the evidence, there was no error in so charging. The verdict and judgment thereon was not illog-

ical and contrary to the evidence. *Sledge v. State,* 99 Ga. 684 (26 SE 756); *Spivey v. State,* 59 Ga. App. 380, 382 (1 SE2d 60).

4. We have examined all the alleged errors, and have ruled upon those properly argued as required by our Rule 17. We find no other reversible error. However, for the reasons stated in Headnote 1, the case must be

*Reversed. Hall, P. J., and Deen, J., concur.*

SUBMITTED OCTOBER 8, 1970—DECIDED NOVEMBER 18, 1970.

*Albert M. Horn,* for appellant.

*Lewis R. Slaton, District Attorney, Stephen A. Land, J. Melvin England, Tony H. Hight,* for appellee.

