## 62166. ROBINSON v. THE STATE.

DEEN, Presiding Judge.

The defendant was indicted and convicted for a violation of Ga. L. 1980, p. 1509 (Code Ann. § 26-2914 (a)) making the possession of a firearm by a convicted felon a felony. Code Ann. § 26-2914 (b) states that the statute shall not apply to any person pardoned for such felony by certain named institutions if the terms of the pardon authorize such possession. The preamble to the Act specifically states that it provides for exceptions to the statute and authorizes the Board of Public Safety to grant relief from the disabilities imposed.

Where the definition of the crime charged does not include the exception within such definition, it is a matter of defense and need not be either negatived in the indictment or disproved in the case in chief. *Dudley v. State,* 228 Ga. 551 (1) (186 SE2d 875) (1972); *Kitchens v. State,* 116 Ga. 847 (43 SE 256) (1902); *Blocker v. State,* 12 Ga. App. 81 (1) (76 SE 784) (1912).

The court properly denied the defendant's motion for directed verdict made at the close of the state's evidence, where both the felony conviction and the firearm possession were proved. Had the defendant in fact been pardoned for the offense and relieved of his disabilities, he should have and undoubtedly would have offered evidence to that effect.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED JULY 15, 1981.

*Timothy P. Healy,* for appellant.
*V. D. Stockton, District Attorney, Michael Crawford, Assistant District Attorney,* for appellee.