**FIRST DIVISION
BARNES, P. J.,
BROWN and WATKINS, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**February 24, 2025**

# In the Court of Appeals of Georgia

A25A0287. THE STATE v. WALKER.

BROWN, Judge.

Following a jury trial, Byron Walker was convicted of aggravated stalking and violating a family violence order.[1] He filed a timely motion in arrest of judgment, arguing that the indictment was defective as to the charge of aggravated stalking because it failed to allege an essential element of the crime. The trial court granted the motion, and the State appeals. For the reasons that follow, we reverse.

"A motion to arrest judgment due to a defective indictment should be granted only where the indictment is absolutely void. The failure to charge a necessary element of the crime is a defect that will render an [indictment] void." (Citations,

---

[1] The jury acquitted Walker of family violence aggravated assault, false imprisonment, and criminal attempt to commit kidnapping.

footnote, and punctuation omitted.) *State v. Harris*, 292 Ga. App. 211 (663 SE2d 830) (2008). See also *Jackson v. State*, 284 Ga. App. 619, 621-622 (2) (644 SE2d 491) (2007) ("[a]n accusation or indictment is not subject to [dismissal based on a motion in arrest of judgment] unless there is a defect so extreme that the defendant can admit the charge as made and still be innocent"), disapproved on other grounds, *Hill v. State*, 360 Ga. App. 143, 146, n.4 (860 SE2d 893) (2021). In this case, the indictment charged Walker with aggravated stalking pursuant to OCGA § 16-5-91,

> for that the said accused . . . on or about the 29th day of June, 2021, in violation of a temporary protective order did unlawfully contact [the victim] at or about 3419 Pleasant View Court, Loganville, without the consent of said victim, for the purpose of harassing and intimidating said victim[.]

"A person commits the offense of stalking when he or she follows, places under surveillance, or contacts another person at or about a place or places without the consent of the other person for the purpose of harassing and intimidating the other person." OCGA § 16-5-90 (a) (1). The offense of stalking becomes aggravated where the person's actions are taken "in violation of a . . . temporary restraining order, temporary protective order, permanent restraining order, [or] permanent protective

order[.]" OCGA § 16-5-91 (a). See also *Bradley v. State*, 252 Ga. App. 293 (556 SE2d 201) (2001). Pursuant to the stalking statute, the term "place or places" includes "any public or private property occupied by the victim other than the residence of the defendant." OCGA § 16-5-90 (a) (1).

In his motion, Walker asserted that the indictment was defective because it failed to allege that the aggravated stalking occurred at a place "other than the residence of the defendant" but that even if it had, the location alleged was in fact his residence. The trial court agreed and granted the motion, concluding that the indictment was defective because it failed to allege all essential elements of the crime of aggravated stalking: "[T]he language 'other than the residence of the defendant' . . . is clearly an element of the offense and listed as such in the current pattern jury charge for aggravated stalking." The trial court further "noted" that "the location [alleged] . . . was, in fact, the residence of the defendant."

1. The State contends that the trial court erred in granting Walker's motion in arrest of judgment because the indictment was legally sufficient. Specifically, the State argues that (a) "place" or "places" need not be expressly alleged in the indictment because it is not an essential element of the offense of aggravated stalking but, even if

it were, the indictment states the address where the offense is alleged to have occurred, and (b) "other than the residence of the defendant" is an affirmative defense, not an essential element. Walker, on the other hand, contends that the trial court correctly granted his motion because the aggravated stalking charge fails to set out "the element of a place other than the residence of the defendant" and that he can admit what is alleged in the indictment and still be innocent. According to Walker, because both the stalking statute (OCGA § 16-5-90) and aggravated stalking statute (OCGA § 16-5-91) are part of Article 7, Title 16, Chapter 5 of the Official Code of Georgia, the definition of "place or places" as provided in the stalking statute, OCGA § 16-5-90 (a) (1) ("[f]or the purpose of this article, the term 'place or places' shall include any public or private property occupied by the victim other than the residence of the defendant"), applies equally to the offense of aggravated stalking; thus, "other than the residence of the defendant" is an essential element of the crime of aggravated stalking.

An indictment "shall be deemed sufficiently technical and correct" to withstand a motion in arrest of judgment if it "states the offense in the terms and language of the [defining statute] or so plainly that the nature of the offense charged

4

may easily be understood by the jury[.]" (Citation and punctuation omitted.) *Stinson v. State*, 370 Ga. App. 603, 606 (1) (898 SE2d 612) (2024). See also OCGA § 17-7-54 (a). Georgia does not "require expression of a charge contained in an indictment, in the verbatim language of the statute." (Citation and punctuation omitted.) *Kaufman v. State*, 344 Ga. App. 347, 353-354 (2) (810 SE2d 585) (2018). We addressed a similar argument in *Kaufman*, where the defendant challenged the trial court's denial of his motion in arrest of judgment as to two stalking convictions. Id. at 352-354 (2). In that case, the defendant argued, inter alia, that the charges were fatally defective because neither alleged the place where the stalking occurred. Id. at 353 (2). We rejected this argument, concluding that the charges sufficiently stated the offense of stalking in the terms and language of the statute:

> Consequently, the accusation was sufficient to put [the defendant] on notice of the crimes with which he was charged; and he could not admit the facts as alleged and still be innocent of committing a crime under OCGA § 16-5-90 (a) (1). Indeed, the fact that the place at which he contacted [the victim] was not set forth in either Count . . . did not render the accusation insufficient because, as noted, the true test of the sufficiency of an indictment is not whether it could have been more definite, but whether it contains the elements of the offense charged, sufficiently informs the defendant of the charges so that he can present

his defense without being surprised by the evidence and protects him against another prosecution for the same offense.

(Citations and punctuation omitted.) Id. at 353-354 (2). We conclude similarly in this case and find no merit in Walker's claim that the indictment was defective as to the aggravated stalking charge because it failed to set out "the element of a place other than the residence of the defendant."

In any event, as this Court has held, "[w]here the definition of [a] crime charged does not include [an] exception within such definition, it is a matter of defense and need not be either negatived in the indictment or disproved in the case in chief." *Robinson v. State*, 159 Ga. App. 296 (283 SE2d 356) (1981). See *Blocker v. State*, 12 Ga. App. 81 (2) (76 SE 784) (1912). See also *McKelvey v. United States*, 260 U. S. 353, 357 (1), (2) (43 SCt 132, 67 LEd 301) (1922) ("an indictment or other pleading founded on a general provision defining the elements of an offense . . . need not negative the matter of an exception made by a proviso or other distinct clause, whether in the same section or elsewhere, and . . . it is incumbent on one who relies on such an exception to set it up and establish it"). Accordingly, because the trial court erred in granting Walker's motion in arrest of judgment on the ground that "the

language 'other than the residence of the defendant' . . . is clearly an element of the offense," we reverse that decision.

2. Given our conclusion in Division 1, supra, we need not consider the State's remaining enumeration of error.

*Judgment reversed. Barnes, P. J., and Watkins, J., concur.*