Bird *vs.* The State of Georgia.

THOMAS BIRD, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. A defendant in a criminal case is not entitled to a copy of the indictment and a list of the witnesses sworn before the grand jury, except upon demand.
2. If no such demand is made, a special plea to the indictment, on the ground that the witnesses *whose names are indorsed on the bill* were not sworn before the grand jury, is demurrable.
3. Nor is it a good plea "that the witnesses upon whose testimony the bill was found, were not sworn *by or before the Court.*"
4. Where such pleas are filed, with the further plea that the witnesses sworn before the grand jury did not have the proper oath administered, this latter plea should set forth the names of the witnesses thus alleged to be improperly sworn.
5. The Court has the power, on motion of the Solicitor General, before any evidence is introduced, to cause the defendant's witnesses to be sworn and separated.
6. If such direction be given by the Court, with notice to defendant that upon his failure or refusal to have his witnesses sworn and separated, they could not be afterwards sworn, and the defendant does so refuse, he is not entitled to have them sworn after the State has closed, except upon special cause shown, to be determined by the Court.
7. The omission by a defendant on a trial for felony to avail himself of the privilege allowed by statute to make a statement to the jury, is not a matter to be considered by them in determining defendant's guilt, and it is error for the Court to charge, "that the jury may take that fact into consideration, and to give to it such weight as they might see fit, with the other evidence, and if, upon the whole, they should believe him guilty, they should so find—otherwise, not."

Criminal law. Practice. Indictment. Pleading. Witness. Charge of Court. Before Judge JAMES JOHNSON. Muscogee Superior Court. November Term, 1873.

Thomas Bird was placed on trial for the offense of burglary, alleged to have been committed by breaking and entering the store-house of one R. G. Johnson, on September 13th, 1873 · The defendant pleaded specially as follows:

1st. The names of the witnesses M. W. Murphy, Jim Roberts, F. J. Johnson and R. J. Johnson are the only ones indorsed on the indictment, and none of them testified before the grand jury which found the bill.

2d. The witnesses, upon whose evidence said indictment was found, were not sworn by or before this Court.

3d. If any oath was administered to said witnesses, it was not the oath prescribed by the Code.

Upon demurrer, said pleas were stricken, and defendant excepted.

The defendant then pleaded not guilty.

When the witnesses for the prosecution were sworn, the defendant moved to have them separated. The Court so directed. The Solicitor General moved that the same course be taken with the witnesses for the defense. The Court ordered that the defendant's witnesses come forward, be sworn and separated. Counsel for defendant stated that they did not know that they would have any witnesses. The Court stated that if they had any and did not then bring them forward, he would exclude them. None were produced or sworn. After the evidence for the prosecution was closed, the defendant offered two witnesses to prove an *alibi.* The Court inquired of his counsel if they knew of these witnesses when the ruling was made relative to their separate examination. Upon counsel replying in the affirmative, the witnesses were excluded, and defendant excepted.

The defendant failed to make a statement to the jury, as authorized by the statute. The Court, in this connection, charged the jury, that they "might take into consideration

Bird *vs*. The State of Georgia.

the fact that defendant failed to make a statement and to give to that such weight as they might see fit, with the other evidence, and if, upon the whole, they should believe him guilty, they should so find—otherwise, not." To this charge the defendant excepted.

The jury found the defendant guilty. Error is assigned upon each of the above grounds of exception.

REESE CRAWFORD; G. E. THOMAS, for plaintiff in error.

W. A. LITTLE, Solicitor General, by JAMES M. RUSSELL; T. W. GRIMES; CHARLES COLEMAN, for the State.

TRIPPE, Judge.

1. In *Dean vs. The State*, 43 *Georgia*, 218, it was held that the constitutional provision, that defendants in criminal cases shall be furnished, *on demand*, with a copy of the accusation and a list of the witnesses on whose testimony the charge against him is founded, controls section 4634 of the Code upon this subject. This puts felonies and misdemeanors on the same footing as to the right to this copy and list,. and makes section 4635 applicable to all grades of offenses.

2. This being so, if there be no demand made by the defendant, there is no necessity for putting the names of the witnesses on the indictment—at least, it necessarily follows that witnesses in such cases may have been sworn before the grand jury, whose names are not on the indictment. And a plea merely stating that the witnesses whose names are on the bill were not sworn before the grand jury, is demurrable. There is no law requiring the witnesses, on whose testimony the bill is found, to be sworn by or before the Court. Section 3918 of the Code gives the power to the foreman of the grand jury to administer the oath to all witnesses required to testify before them.

3 and 4. If the plea be that an improper oath was administered to the witnesses, it should state what witnesses were thus illegally sworn. Where no demand is made for a list of

such witnesses as were sworn before the grand jury, and consequently no legal necessity of any record of such witnesses, a plea is too general, and not issuable, which merely states that if any oath of any kind was administered, it was not an oath in these words, (giving the form,) but was an oath to this effect: (giving the form of the oath alleged to have been administered.) The plea should set forth the name of the witness or witnesses, so that the issue can be made and the State put on notice. There is no difficulty in this. If the defendant demands and has a list of the witnesses, he can easily make the specifications; without this, there may be a dozen or more who were sworn and testified before the grand jury, and no notice given as to which of them, or how many, it is claimed were illegally sworn.

5. In *Meeks vs. The State,* decided at this term, it was held, that the Court has the power, on motion of the Solicitor General, before any evidence is introduced, to cause the defendant's witnesses to be sworn and separated. The same point was also presented, and the same holding made, though not reported, in *Ware vs. The State,* decided at the same term. When the Court gave this direction, counsel for defendant stated that they did not know they would have any witnesses. The Court gave notice that if they had any, and did not then bring them forward, he would exclude them. None were produced. After the State closed, two witnesses were offered by defendant to prove an *alibi.* The Court inquired of defendant's counsel whether they knew of these witnesses when the ruling was made relative to their separation, and on their replying in the affirmative, the Court excluded the witnesses.

6. If the Court was right in directing the separation of the witnesses, and we hold it was, what else could have been done than to exclude the witnesses under the circumstances? Notice was given by the Court of what the result would be by just such a course as counsel adopted. With this notice, is there any ground of complaint? What other penalty or forfeiture could have been imposed? It was said a fine might have been imposed. That would not have vindicated the rule of

law involved.   The State has a right to have the witnesses for the defense separated.   The reasons are obvious.   The defendant has the same right.   Either party would think it but poor compensation for the loss of an important right in a trial, to have the other party or the counsel fined.   Courts should have summary power to enforce the rules of law in such cases, so that by their practical working they may be vindicated in all their integrity.   If any right were lost, it was wilfully and defiantly thrown away.

7. The defendant did not make any statement to the jury on the trial, as by law he was permitted to do.   The Court charged the jury that "they might take into consideration the fact that defendant failed to make a statement, and to give to that such weight as they might see fit with the other evidence, and if, upon the whole, they should believe him guilty, they should so find ; otherwise not."   Was this charge correct?   Does it not directly imply that the failure of defendant to make a statement is, in law, some evidence against him, and that the failure may be considered by the jury, *with the other evidence,* to determine his guilt?   We do not think that the statute giving this right to a defendant intended that it should be counted against him, if he did not avail himself of it.   If so, it should be stricken from the statute book at once. Really, in practice it is worth, generally, but little if anything to defendants.   I have never known or heard of but one instance where it was supposed that the right had availed anything.   It is a boon that brings not much relief.   It would be terrible if what a defendant said in his behalf could not practically count much for him, certainly not as other evidence—and yet a failure to say something should count as evidence against him, to be considered by the jury with "the other evidence."   If this be so, the statute is a sword to pierce, where it was intended, whether wisely or not, as something of a shield.

With this charge, and looking at the evidence and the whole case, we think justice requires that a new trial be granted.