NEWSOME vs. THE STATE OF GEORGIA.

61 481
110 314

1. A showing for a continuance upon the ground of the absence of a witness, is insufficient if it omits to state that the application is not made for the purpose of delay. In this case, the counter-showing made by the state is strongly suggestive that the application was for delay only.
2. Evidence that the prisoner carried his pistol openly and fully exposed to view, at the time of his arrest on another charge, and for some days previously, is not in conflict with other testimony that he carried it concealed a short time after that arrest took place, and whilst he was still in custody.

Criminal law. Continuance. Evidence. Before Judge CRISP. Lee Superior Court. March Term, 1878.

Newsome was placed on trial for carrying concealed weapons. He pleaded not guilty. Raley testified that in November, 1876, he arrested defendant on Green's plantation; that after a few minutes conversation with one Glaze, he left with his prisoner; that after taking him a quarter of a mile from place of arrest, witness asked him if he had a pistol, when he drew one from his pocket; that the pistol had been concealed prior to this time.

Two witnesses for the defendant testified that he was carrying the pistol fully exposed to view at the time of his arrest. One of them stated that he had been so carrying the weapon for several days, and up to the time of his arrest.

He was found guilty. A motion for new trial was made, because the verdict was contrary to law and evidence, and because the court overruled a motion for continuance based on the following showing:

Defendant stated, under oath, that a witness whom he had had subpœnaed, Fletcher, by name, was absent without his consent; that this witness was present at the time charged

in the indictment, and would testify that he carried the pistol openly and fully exposed to view; that defendant expected to have him present at the next term of court.

In response to this motion, the prosecution showed that Fletcher was not present at the time defendant drew his pistol, and, of course, could not have seen it.

The prosecution also agreed to confine its case to what occurred after Raley and his prisoner had left Glaze and Fletcher.

The motion was overruled, and defendant excepted.

ALLEN FORT; SIMMONS & SIMMONS, for plaintiff in error.

C. B. HUDSON, solicitor-general, by B. P. HOLLIS; W. A. HAWKINS, for the state.

BLECKLEY, Justice.

1. Irrespective of the counter-showing made by the state, the prisoner's showing for a continuance was insufficient. It did not state that the application was not made for delay, and that statement was requisite to complete it. Code, §3522. Very likely the omission was intentional, for the counter-showing is strongly suggestive that the application was for delay only.

2. The witnesses for the defendant made no impression whatever on the state's case. They did not touch it. At the time of his arrest, and for some days previously, the defendant carried his pistol openly and fully exposed to view. But the state proved that he adopted another mode of carrying it after his arrest. Being a prisoner did not not give him the right to conceal his arms about his person. There was no conflict in the evidence.

Judgment affirmed.