## EVANS *vs.* THE STATE OF GEORGIA.

[This case was argued at the last term, and the decision reserved ]

1. The substantial grounds of error in this case are governed by the ruling in *Wilson vs. The State*, decided at the present term.
2. The act of 1877 (acts 1877, page 112) on the subject of lotteries and schemes for hazarding money, is not unconstitutional as containing more than one subject matter, or matter different from the caption.
3. The verdict is supported by the evidence.

CRAWFORD, Justice.

## GUNN *vs.* McMICHAEL, administratrix.

1. The record showed an acknowledgment of service twenty days before the term of the court to which the case was made returnable; it appeared on the dockets in its regular order at the appearance and trial terms, as well as on the minutes; there was a confession of judgment at the proper term. No entry of filing appeared on the back of the declaration. Execution issued, was levied, and a claim interposed:

*Held*, that on the trial of the claim case the *fi. fa.* was not rendered inadmissible for want of the entry of filing on the declaration. After acknowledgment of service and confession of judgment, it is too late to raise such objection. 25 *Ga.*, 646.

(*a.*) The suit appearing from the records was notice to third parties.

2. In a claim case if the *fi. fa.* be rejected from evidence on account of an irregularity, the levy should be dismissed. It is error in such a case to allow a verdict to be taken by the claimant.

CRAWFORD, Justice.

## CARTER *vs.* THE STATE OF GEORGIA.

1. An indictment for retailing liquor without a license need not charge to whom the liquor was sold. 16 *Ga.*, 467–8; 25 *Ib.*, 474–6.
2. The verdict was not contrary to law or the evidence.

CRAWFORD, Justice.