## REDDING *v.* THE STATE.

1. The constitutional questions in this case are the same as those ruled upon in *Bell* v. *The State*, just decided. Other questions on the indictment are ruled in principle by *Carter* v. *The State*, 68 *Ga.* 826, *Hill* v. *Mayor of Dalton*, 72 *Ga.* 314, and *Williams* v. *The State*, 89 *Ga.* 483, 15 S. E. Rep. 552.

2. The evidence being that the accused, a practicing physician, sold
a half-pint of whisky to a certain person who went to his store
and said he was sick and thought whisky would help him, there
being no evidence that the person was in fact sick, or that he was
a patient under treatment by the accused, who did nothing but
examine him and then sell him the whisky, the jury were war-
ranted in finding that the transaction was not within the excep-
tion of the statute which allows practicing physicians to furnish
liquors as medicine to their patients under treatment. There
was no error in denying the application for a new trial.

November 9, 1892.

Before Judge BOYNTON.    Monroe superior court.
August term, 1892.

Indictment alleging that the defendant, on March 15,
1890, in Monroe county, " did sell a quantity of spirit-
uous and intoxicating liquor, the same not being fur-
nished as a medicine to a patient under'treatment by
him, nor domestic wine raised by him," etc.    To this
indictment defendant demurred; the demurrer was over-
ruled, and he excepted.    The demurrer was like that
in the Bell case, *ante*, setting forth, beside the constitu-
tional points, that the indictment fails to allege to whom
the liquor was sold, whether to a known or unknown
person; and does not allege the quantity sold or what
price, if any, was paid; and fails to set out the ingre-
dients necessary to constitute an offence.

After conviction the defendant moved for a new trial
on the ground that the court erred in overruling the
demurrer to the indictment.    The motion was over-
ruled, and to this ruling also he excepted.    The evidence
at the trial was given by Z. T. Watkins, thus:    In 1890
I went to Dr. Redding's store in Monroe county to buy
some whisky; told him I was sick and thought whisky
would help me.    He examined me and let me have a
half-pint of whisky.    I paid him money for it, but do
not remember how much.—Defendant stated:    " I am
a practicing physician.    Mr. Watkins came into my
store and told me he was sick and wanted some whisky.

I examined him and thought he needed whisky, and I let him have a half-pint. I had no intention of violating the law, and was acting in good faith as a practicing physician."

CABANISS & WILLINGHAM, by HARRISON & PEEPLES, for plaintiff in error.

JOHN J. HUNT, solicitor-general, contra.

BLECKLEY, Chief Justice.

1. The constitutional questions raised by demurrer to the indictment are ruled by the decision in *Bell* v. *The State*, this term. The act on which the indictment is based is not unconstitutional for either of the causes specified in the demurrer. Other questions on the indictment are ruled in principle by *Carter* v. *The State*, 68 *Ga.* 826, *Hill* v. *Mayor of Dalton*, 72 *Ga.* 314, and *Williams* v. *The State*, 89 *Ga.* 483, 15 S. E. Rep. 552. The indictment was not insufficient by reason of any of the deficiencies imputed to it.

2. The accused sought to protect himself under the exception in the statute which allows practicing physicians to furnish liquors as medicine to their patients under treatment. There was no evidence to uphold this theory save that the person to whom the whisky was furnished said he was sick. It does not appear that any prescription or treatment was applied for, furnished or paid for. The patient selected his own medicine, paid for it, received it and administered it to himself. The accused, doubtless as matter of form, examined him, and then sold him the whisky. A man professing to be sick wanted whisky because he thought it would help him; the doctor examined him, but what he thought, either as to the sickness or the remedy, no one but himself knows or ever knew, save from his own statement at the trial and as might be inferred from the fact that he furnished the whisky and received pay for it. The jury could well conclude that this was more

like selling whisky than practicing medicine. The exception in the statute does not contemplate that a physician may take a thirsty man under treatment for the sole purpose of supplying him with the desired beverage. But the only ground of the motion for a new trial was that the court erred in overruling the demurrer to the indictment. Of course, there was no error in denying this motion. *Judgment affirmed.*