## LUPO *v.* THE STATE.

Where there is an illegal sale of liquor on credit, the crime is complete, and a subsequent agreement to "cancel the trade" does not relieve the defendant from liability for his previous violation of the statute.

Submitted October 20,—Decided October 24, 1903.

Accusation of selling liquor.    Before Judge Hollingsworth. City court of Fayetteville.    July 31, 1903.

*J. W. Wise* and *W. N. Dixon*, for plaintiff in error.
*A. O. Blalock, solicitor*, contra.

LAMAR, J.    On his trial for selling liquor without a license, the defendant claimed that there had been no sale but a bona fide loan. *Huby* v. *State*, 111 *Ga.* 842. The witness for the State, however, testified that he bought from the defendant a half pint of whisky for twenty-five cents, to be paid when they returned to town. Later in the day the defendant said that he "did not want the money, but that I could pay back the liquor. We canceled the trade, and I was to pay him the liquor back." The verdict settles the conflict, and establishes that the original agreement was a sale of liquor on credit. ' The seller having no license, the statute was violated, and the subsequent agreement to cancel the trade and

ιeturn the whisky did not free the defendant from liability for the previous criminal act. Penal Code, § 431. Compare *Lowe* v. *State*, 111 *Ga.* 650.

*Judgment affirmed. All the Justices concur.*