## 1858.   FINCH *v.* THE STATE.

HILL, C. J. 1. "A sale on credit is a complete sale." Therefore, a sale of whisky in this State since January 1, 1908, whether for cash or on credit, or whether subsequently paid for or not, constitutes a violation of law. Acts 1907, p. 81; Civil Code, § 3526; *Lupo* v. *State,* 118 *Ga.* 759 (45 S. E. 602) ; *Cook* v. *State,* 124 *Ga.* 653 (53 S. E. 104).

2. It is not necessary in an indictment for the illegal sale of intoxicating liquors to name specifically the person to whom the sale was made. But if the indictment does name such person, testimony that a sale was made to any other person would be irrelevant and inadmissible, unless the person to whom the liquor was sold was acting for the person named in the indictment as making the purchase, and that fact was known

to the defendant when he made the sale. *Williams* v. *State,* 89 *Ga.* 483
(15 S. E. 552) ; *Carter* v. *State,* 68 *Ga.* 826.
3. In view of the unsatisfactory character of the evidence, the error in the
admission of the irrelevant testimony indicated in the second headnote
was presumptively prejudicial.               *Judgment reversed.*

Accusation of sale of liquor, from city court of Statesboro—
Judge Brannen. February 3, 1909.

Argued May 18,—Decided June 15, 1909.

*Strange & Cobb, J. J. E. Anderson,* for plaintiff in error.
*Fred T. Lanier, solicitor,* contra.