### 9115. STEPHENS *v.* THE STATE.

1. The court did not err in admitting in evidence, over objection of the defendant, testimony showing his possession of the whisky, or in admitting the whisky in evidence, or in failing to charge as requested.
2. The charge of the court. to which exception is taken was not erroneous or harmful to the accused.
3. The evidence was sufficient to sustain the verdict, and there was no error in overruling the motion for a new trial.

DECIDED OCTOBER 31, 1917.

Accusation of possessing intoxicating liquor; from city court of Jesup—Judge Clark. July 14, 1917.

*J. R. Thomas,* for plaintiff in error.

*W. B. Gibbs, solicitor,* contra.

HARWELL, J. The defendant was convicted of having whisky in his possession. The testimony of the State's witness shows that on the day alleged he saw the defendant alight from a train with a grip in his hand; that when that defendant saw the witness, who was a constable, the defendant dashed off; witness halloaed at him and pursued him; defendant dropped the grip and reached for a pistol, and witness shot at him three or four times; defendant got away, but witness recovered the grip and found whisky in it. The four bottles of whisky found in the grip were admitted in evidence. The defendant made no statement. We think this evidence sufficient to warrant the conviction.

1. The trial judge did not err in admitting the testimony showing the defendant's possession of the whisky or in admitting in evidence the whisky found in his grip, over the objection that it was obtained from him by a constable without a warrant and

without authority of law, and was obtained by holding him up and forcing him to throw down the evidence which was in his possession. *Smith* v. *State,* 17 *Ga. App.* 693 (88 S. E. 42). Neither did the court err in refusing to charge the jury that, if the defendant objected to the arrest or to the disclosure of the whisky, this evidence would not be admissible against him, and that he should be acquitted. *Smith* v. *State,* supra.

2. The following charge was objected to as prejudicial to the defendant: "In all criminal trials the defendant has a right to make or not to make to the court and jury a statement in his own behalf. If the defendant sees fit to make no statement, he is acting within his rights, and such failure should not be considered for or against him." We do not think this charge was subject to the criticism made. It is simply intended to warn the jury not to let the fact that the defendant made no statement influence them one way or the other; and is favorable to the defendant, rather than prejudicial. .

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*