### 11984. MAPP *v.* THE STATE.

BROYLES, C. J. 1. The first ground of the amendment to the motion for a new trial alleges that the court erred in not sustaining the objection of counsel for the defendant to a certain question propounded to a witness and to the answer thereto, but it is not stated in the ground what the objection was. In the same ground complaint is made that the court, on its own motion, directed the solicitor-general to ask the witness a certain question, and error is assigned upon this direction of the court and upon the admission of the answer of the witness, but the ground fails to show that any objection was made during the trial to the direction of the court or to the admission of the answer of the witness. It follows that the ground presents no question for the consideration of this court.

2. The rulings upon the admissibility of evidence, as set forth in the 2d, 3d and 4th grounds of the amendment to the motion for a new trial, were not erroneous for any reason assigned.

3. The 5th ground of the amendment to the motion for a new trial cannot be considered, since it complains of the admission of specified testimony of a witness, but fails to state the name of the witness. *Adams* v. *State,* 22 *Ga. App.* 252 (1) (95 S. E. 877), and cases cited.

4. There was no error in the following excerpt from the charge of the court: " The defendant comes before you with the presumption of innocence in his favor, that presumption should remain with him until it is removed by proof; by proof sufficient to satisfy you beyond a reasonable doubt. A reasonable doubt is a doubt that grows out of evidence, either the want of sufficient evidence to satisfy you or the conflicts in the evidence. It is a doubt that leaves the mind of the jury seeking the truth wavering and unsettled — not satisfied from the evidence, unable to come to a conclusion as to what the truth is, and when you have such a doubt as that, you should give it to the defendant and acquit him."

5. The failure of the judge to charge the jury that in a criminal case they are the judges of the law and the facts is not ground for a reversal of the judgment refusing a new trial. *Jones* v. *State,* 136 *Ga.* 157 (71 S. E. 6); *Brown* v. *State,* 150 *Ga.* 756 (105 S. E. 289).

6. Under the facts of the case, a new trial is not required because of the following excerpt from the charge of the court: " I charge you that if a man aids in the manufacture of liquor in any way, whether he owns the still or not, if he aids in manufacturing liquor he is as guilty as if he owned the still and did the work himself."

7. The verdict was amply authorized by the evidence, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED MARCH 9, 1921.

Indictment for manufacture of intoxicating liquor; from Douglas superior court — Judge Irwin.   October 16, 1920.

Paragraph 2 of the decision relates to grounds as to questions to witnesses and admissibility of testimony.   In ground 2 it is stated that the judge " erred in his own motion in ruling out" the following question of the defendant's counsel to the sheriff, on cross-examination: " You get it all back out of the insolvent costs and other things?" " (referring to the expenses of the sheriff)." The judge inquired as to the materiality of this question, and the defendant's counsel said: "It is material in so far as it is prejudicial against the defendant." The judge then stated that it had nothing to do with the case, and that he would " rule it all out."

Jack Heflin, a witness for the State, having testified that Jess Odom was working with the defendant, making whisky, and Odom having been introduced as a witness for the defendant, counsel for the defendant asked Odom questions (set out, with the answers) as to his employment of Heflin to work for him, the time for which Heflin was employed, and the amount of wages to be paid, and as to Heflin's leaving him and being sent for and brought back to him. The solicitor-general objected to the questions and answers, as being irrelevant. Counsel for the defendant said that he wished to show the motive of Heflin " in trying to implicate Mr. Odom; that he went and made a contract with him to work for him and then ran off, . . and came back and reported that this man was running a distillery." The judge replied: " I will let you show that he had a contract and went away, but the particulars of the contract can not be proved." In ground 3 it is alleged that the court erred " in sustaining the objection of the State's counsel and in ruling out the questions and answers of the witness as above detailed."

In ground 4 it is alleged that the court erred in allowing certain questions of the solicitor-general to the witness Odom, on cross-examination, and the answers of the witness, as to the number of times one Lumsden had brought him before the grand

jury; counsel for the defendant objecting to the questions and the answers as being irrelevant and immaterial.

*James & Bedgood,* for plaintiff in error.

*J. R. Hutcheson, solicitor-general,* contra.