### 17710.  PENCE *v.* THE STATE.

1. "One who waives his right to be tried upon an indictment perfect in form as well as substance, and takes his chances of acquittal, will not be heard, after conviction, to urge defects in the indictment, unless these defects are so great that the accusation is absolutely void."
2. The indictment for perjury was not fatally defective, and the court properly overruled the motion in arrest of judgment.

DECIDED JANUARY 11, 1927.  REHEARING DENIED FEBRUARY 23, 1927.

Perjury; from Walker superior court—Judge Maddox.  October 1, 1926.

*Norman Shattuck,* for plaintiff in error.

*J. F. Kelly, solicitor-general, M. N. Andrews, Rosser & Shaw,* contra.

LUKE, J.  The defendant, Will Pence, was convicted of perjury. He made a motion in arrest of judgment, and an amendment to it,

---

Criminal Law, 16 C. J. p. 1256, n. 95.
Indictment and Information, 31 C. J. p. 799, n. 99; p. 871, n. 31.
Perjury, 30 Cyc. p. 1434, n. 62; p. 1435, n. 63.

alleging that the indictment and the verdict and sentence based thereon are void because the indictment "is fatally defective and void and charges no offense under the law," and "does not specifically allege how and wherein the testimony upon which the perjury is assigned was material to the issue in the trial in which the alleged false testimony was delivered, neither does it allege what was the issue before the said justice court, nor how the same was raised, and that the said defect was such a defect as appeared on the face of the record." The indictment, omitting formal parts, is as follows: The grand jurors "charge and accuse Will Pence of the county and State aforesaid with the offense of felony, for that the said Will Pence, on the 20th day of February, in the year of our Lord nineteen hundred and twenty-six, in the county aforesaid, did wilfully, knowingly, absolutely, and falsely swear, both with and without laying his hand on the holy evangelist of almighty God, and in like manner did affirm, in a matter material to the issue and point in question, a lawful oath and affirmation having then and there been administered to him by M. P. Orr, justice of the peace of the 943d district G. M. of said Walker county, who then and there had power and authority to administer an oath, in a certain judicial proceeding in the justice court of said M. P. Orr, justice of the peace as aforesaid, which court then and there had jurisdiction to hear and determine said issue then before said court, the issue then and there being raised by suit of W. H. Davis & Son on a certain promissory note dated January 1, 1921, and signed by Will Pence, the said Will Pence then and there wilfully, knowingly, absolutely, and falsely did swear as follows: 'I did not sign that note; that is not my signature; I never saw that note before,' when in truth and in fact said Will Pence did sign said note, it is and was his signature on said note, and he had seen said note before. And so the grand jurors aforesaid, upon their oaths aforesaid, do say that the said Will Pence did then and there commit wilful perjury." This indictment clearly shows that the defendant was being sued on a note in the justice's court, and swore that he did not sign the note. Considering the indictment as a whole, the materiality of the alleged false testimony to the issue before the justice of the peace is clearly apparent. *Herndon* v. *State*, 17 *Ga. App.* 558 (87 S. E. 812). Where the indictment shows that the defendant was sued on a note and

he swore that he did not sign the note and had never seen it, there is only one reasonable and logical conclusion to reach as to the materiality of the testimony. Even conceding that the indictment was defective, it certainly was not fatally defective, and "one who waives his right to be tried upon an indictment perfect in form as well as substance, and takes his chances of acquittal, will not be heard, after conviction, to urge defects in the indictment, unless these defects are so great that the accusation is absolutely void." *Lanier* v. *State*, 5 *Ga. App.* 472 (63 S. E. 536). The court properly overruled the motion in arrest of judgment.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*