27246. BARFIELD *v.* THE STATE.

Decided January 26, 1939.

*Wyatt & Morgan,* for plaintiff in error.

*L. L. Meadors, solicitor,* contra.

Guerry, J.   The plaintiff in error was convicted in Troup, a dry county, of the offense of having, possessing, and controlling alcoholic liquors.   The evidence showed that the officers raided her place of business and found in the rear of the place of business and in that part of the store which was used as a private residence, one-half gallon or more of moonshine whisky, unstamped, and two pints of whisky which bore proper stamps.   The jury returned a verdict of guilty.   There was no demurrer to the accusation.   Certain requests to charge were refused.   We shall discuss the law applicable to the requests made without giving them in detail.

Before the passage of the act of 1937-1938, pp. 117, 122, and 123, it was unlawful to have, possess, and control any alcoholic, spirituous, and intoxicating liquor anywhere in the State.   Under section 11-c of the act, "The possession of any distilled spirits or alcohol by any person which does not bear the tax stamps provided for herein shall be unlawful."   This section of the act applies everywhere in the State, irrespective of the fact that the county itself may have legalized the sale and possession of alcoholic liquors.   The possession of such unstamped liquor is unlawful, and the fact it is unstamped is a necessary and essential ingredient of the crime.   Section 23-b of the act provides: "That from and after the passage of this act, it shall not be unlawful for any person to have and possess for use and not for sale, in any county of the State, one

quart of the liquors and beverages described in this act which may have been purchased by the person for use and consumption from a lawful and authorized retailer and properly stamped, and this section shall be construed to repeal any and all laws in conflict with this section and act as herein expressed." This section makes it legal to possess in any county of the State, irrespective of whether the possession and sale of liquor may have been authorized in such county, one quart of liquor which has been bought from an authorized dealer and which bears the stamps as required by this act. The second paragraph of section 27 of the act provides that "It is the purpose and intent of this section to maintain the present prohibition law against liquor and alcoholic beverages in those counties of this State not specially exempted from the provisions of the prohibition law under this act; and to provide for the trial and conviction of persons guilty of selling or possessing such liquor in such counties, as is now provided by law unless exception is made herein, prior to the passage of this act; and it is the purpose and intent of this section to provide that the prohibition law is not repealed in Georgia, except in the counties which have by a majority vote voted this act into operation."

The defendant in this case was charged in the accusation, in the general language of the prohibition law, that she did have, possess, and control certain spirituous, alcoholic, and intoxicating liquors. There was no demurrer to this accusation. Section 23-b quoted above provides an exception to the prohibition law in those counties which have not voted to legalize the sale and possession of such liquors. In *Kitchens* v. *State,* 116 *Ga.* 847 (43 S. E. 256), it was said: "Where a statute provides in general terms that the commission of a given act by any person shall constitute a penal offense, and then provides that the law thus framed shall not apply to a given class of persons, it is not necessary that an indictment based upon the statute should aver that the accused does not belong to the class of persons thus excepted from the operation of the law." In the decision the following language from *Herring* v. *State,* 114 *Ga.* 96 (39 S. E. 866), was quoted approvingly: "If by the words of a statute particular acts done are declared to be a crime for which punishment is provided, the offense created is general and applicable to all, and an indictment which sets out the offense in the language of the statute is sufficient, notwithstanding there may

be matters found in the body of the statute elsewhere which provide that a given class of persons, or persons with certain qualifications, shall not be convicted of that offense, or that certain existing conditions may be a justification for doing the act set out in the statute. In such a case the offense is a complete one as it stands stated, and it is not necessary, in framing the indictment, to negative the conditions under which the force of the statute may be avoided. These are matters of plea and defense to a general statutory crime. If, however, by the terms of a statute the doing of an act by a particular class of persons, or persons without certain qualifications, is declared to be a criminal offense, then the offense is not general; it does not apply to all, but is restricted to the class or condition of persons who may not lawfully do the act. In such a case the acts done amount to an offense only when done by particular persons, and in an indictment charging the offense it is absolutely essential that facts should be set forth which clearly aver that the commission of the acts by the persons charged is an offense against the law." Thus in *Hicks* v. *State,* 108 *Ga.* 749 (32 S. E. 665), where the statute involved prohibited the selling of liquor within a radius of three miles of a church and defined a complete affirmative offense, it was held that it was not necessary to allege or negative the fact that the provisions of the statute did not apply to an incorporated town or city. See also *Hesler* v. *State,* 17 *Ga.* 130. Neither in a prosecution for carrying a pistol without a license does the State have to negative the exception that such law does not apply to sheriffs and others of similar class. In *Cook* v. *State,* 26 *Ga.* 593, it is said: "It is not necessary that an indictment for harboring a slave should negative the proviso in the law relating to the offense." See also *Jordan* v. *State,* 22 *Ga.* 545. In *Williams* v. *State,* 89 *Ga.* 483 (15 S. E. 552), it was held that it was not "necessary for an indictment to negative any of the exceptions contained in the statute, such exceptions not being inserted in the enacting clause which defines and describes the offense." See also *Atlanta Southern Dental College* v. *State,* 51 *Ga. App.* 379 (180 S. E. 620).

Likewise the burden of proof is on the defendant to show that he is excepted from the provisions of the law because of his compliance with, or coming within, the provisos therein contained. Thus, under an indictment or accusation for carrying a pistol with-

out a license, the State makes out its case by showing that the defendant was in possession of a pistol, not at his home or place of business. "If the accused has obtained a license under the provisions of that act, the burden is on him to produce it." *Williams* v. *State,* 12 *Ga. App.* 84 (76 S. E. 785) ; *Sims* v. *State,* 12 *Ga. App.* 363 (77 S. E. 188) ; *Blocker* v. *State,* 12 *Ga. App.* 81 (76 S. E. 784). Under the act quoted above, the statute against possessing liquor was not repealed, except that it was provided therein that it was not unlawful to possess for use and not for sale, one quart of the liquors described in the act which liquor was bought for personal use and not for sale, and from an authorized dealer and contained the stamps thereon required by law. It is still unlawful to possess even a quart of whisky in a county in this State which has not authorized its sale unless it is shown that such whisky is possessed in compliance with the statute as above quoted. This is a matter of defense. Under the evidence in this case, which the jury was authorized to believe, the defendant was in possession of a quart of whisky properly stamped, and in addition thereto a half gallon of unstamped whisky, or "white moonshine liquor, blockade liquor as we call it." The charge of the court taken as a whole fully and fairly presented the law applicable to the facts. The requests to charge which were refused were covered by the charge as given and were not such as to require the application of a more specific instruction even though it or they were requested. Where the court has given in charge the law it is not error to fail to give a request which is but another statement of the same law, and no reason appears why a more pertinent application to the facts was necessary or required. The court did not err in overruling the motion for new trial.

*Judgment affirmed.* *Broyles, C. J., and MacIntyre, J., concur.*