## 27693. WOMACK *v.* THE STATE.

DECIDED OCTOBER 17, 1939.

*Mozley & Combs,* for plaintiff in error.

*H. G. Vandiviere, solicitor-general,* contra.

BROYLES, C. J.   The indictment charged that the accused, in Cobb County, Georgia, on January 22, 1939, "did unlawfully then and there have, control, and possess a certain quantity of alcoholic, spirituous, malted, fermented, and intoxicating liquors and beverages, contrary to the laws of this State, the good order, peace, and dignity thereof, the same being 11 pints, at the place of business of Ivey Womack [the accused], and for the purpose of sale."

Section 58-102 of chapter 58-1 of the present Code declares that it shall be unlawful for any person to keep for sale, or on hand at a place of business, any alcoholic, spirituous, vinous, or malted liquors in any quantity.   This chapter is under title 58 (Intoxicating Liquors) of the Code.   Section 2 of the act of the General Assembly to legalize, tax, and regulate alcoholic liquors, approved February 3, 1938 (Ga. L. Ex. Sess. 1937-1938, pp. 103, 104), provides that title 58 of the Code be amended by adding thereto a new section (58-124) which shall read as follows: "The limitations and restrictions of this chapter shall not apply to those counties in which a majority of those voting at an election held for the purpose vote in favor of the taxing and legalizing and controlling of alcoholic beverages and liquors as may be provided by the General Assembly."   Section 3 of said act adds to said title, by amendment, another new section (58-305), which reads: "Provided that nothing in chapter 58-1, 58-2, and 58-3 of this Code shall apply in those counties" which, by vote, have become "wet." Therefore, it appears that under the law in force at the date of the alleged offense it was not a penal offense for a person in Cobb County (which the State admits was then a wet county) to keep spirituous or any other kind of intoxicating liquors at his place of business for the purpose of sale, unless such liquors were distilled spirits or alcohol *which did not bear the tax stamps required by said act* approved February 3, 1938.

In *Barfield* v. *State,* 59 *Ga. App.* 383 (1 S. E. 2d, 47), this court held that the possession of "unstamped liquor is unlawful, and the fact that it is unstamped is a necessary and essential ingredient of the crime." In that case it was also said: "Where a person is charged, in a county of this State *which has not authorized the sale of alcoholic liquors,* with the offense of possessing whisky, the fact that the alcoholic liquor possessed has been bought and is being possessed in compliance with the law, both as to stamps and the amount possessed, is a matter of defense. . . The law as to the possession of whisky in counties of this State *which have not legalized the sale thereof* is still a general law *as to those counties.* It is not necessary to allege or prove that the defendant does not belong to the class of persons excepted from the provisions of the act. This is purely defensive." (Italics ours.) In our opinion, the rule is otherwise in those counties which have voted wet. In such counties the old law, making it a penal offense to possess whisky or to keep it for sale at a place of business, has been directly repealed. And where in such counties a person is indicted merely for the possession of whisky at a place of business for the purpose of sale, the indictment charges no offense, unless it further charges that the whisky possessed did not bear the required stamps. Furthermore, this court in deciding the *Barfield* case stated that no demurrer to the indictment there was interposed. We think that the demurrer now before us was good, and that the court erred in overruling it.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*