28462. OSBORN *v.* IRWIN.

DECIDED JUNE 29, 1940.

*Cecil D. Franklin,* for plaintiff.

*J. A. Wright, Henry A. Stewart,* for defendant.

FELTON, J. Mrs. J. P. Osborn purchased from Russell Irwin a washing-machine on open account. She was credited on account with $50 for a sewing-machine traded in, and was to pay the balance at $2.50 per week. The agreements were not in writing, and no retention-of-title contract was executed. The washing-machine was delivered, and was accepted by Mrs. Osborn. Being dissatisfied with the operation of the washing-machine, she returned it to Mr. Irwin to be repaired, and he accepted it and repaired it. After it was repaired he refused to deliver it to Mrs. Osborn, because she had not paid some installments which were in arrears. She sued Irwin in trover for the sewing-machine traded in, on the theory that he had rescinded the original sale contract, and thereby automatically the title to the sewing-machine reverted to her. The court directed a verdict for the defendant, and Mrs. Osborn excepted.

The sale having been on open account, the title to the washing-machine passed to Mrs. Osborn immediately upon its delivery to her. *Toole* v. *Davis,* 13 *Ga. App.* 122 (78 S. E. 865) ; *Finch* v. *State,* 6 *Ga. App.* 338 (64 S. E. 1007). Likewise the title to the sewing-machine passed to Irwin. He had no legal right to cancel the contract because of default in payment of installments (5 Williston on Contracts, § 1458) ; and Mrs. Osborn could not rescind it under the facts of this case, which show that there was no intention on Irwin's part to rescind, but merely to hold as her

property until the installments in arrears had been paid. There could be no breach of the contract of sale by Irwin by a refusal to deliver the washing-machine after the contract was fully performed. If there was a breach of contract, it was a breach of the contract to repair and redeliver to Mrs. Osborn; and a breach of this second contract would not amount to a rescission of the sale contract. The action of trover for the sewing-machine was not the appropriate remedy, and the court did not err in directing the verdict for the defendant.

*Judgment affirmed.* *Sutton, J., concurs.* *Stephens, P. J., dissents.*