29717. DAVIDSON *v*. THE STATE.

·DECIDED SEPTEMBER 18, 1942. REHEARING DENIED OCTOBER 14, 1942.

*Stevens & Stevens,* for plaintiff in error.

*J. Cecil Davis, solicitor-general,* contra.

GARDNER, J. (After stating the foregoing facts.) 1. It is contended that the court erred in charging the provisions of Code § 58-107: "The keeping of the liquors or beverages mentioned in section 58-101, or any of them, in any building not exclusively used for a dwelling, shall be prima facie evidence that they are

kept for sale or with intent to dispose of same contrary to the law." It is contended that since this section was enacted in 1915, it was expressly repealed by the act of 1938, supra (Code § 58-1073): "It shall not be unlawful for any person to have and possess for use and not for sale, in any county of the State, one quart of the liquors and beverages described in this chapter, which may have been purchased by the person for use and consumption from a lawful and authorized retailer and properly stamped, and this section shall be construed to repeal any and all laws in conflict with this section and chapter as herein expressed." This contention is not tenable. Code Ann. § 58-1078 provides: "It is the purpose and intent of section 58-1077 to maintain the present prohibition law against liquor and alcoholic beverages in those counties of this State not specially exempted from the provisions of the prohibition law under this chapter; and to provide for the trial and conviction of persons guilty of selling or possessing such liquor in such counties, as is now provided by law unless exception is made herein, prior to the passage of this chapter, and it is for the purpose and intent of said section to provide that the prohibition law is not repealed in Georgia, except in the counties which have by a majority vote voted this chapter into operation." In this connection see *Jackson* v. *State,* 64 *Ga. App.* 648 (13 S. E. 2d, 898); also *Barfield* v. *State,* 59 *Ga. App.* 383 (3) (1 S. E. 2d, 47), which holds: "The law as to the possession of whisky in counties of this State which have not legalized the sale thereof is still a general law as to those counties." The judge did not err in charging Code § 58-107, under the facts of this case.

2. As to the general grounds, counsel cites *Smith* v. *State,* 5 *Ga. App.* 834 (63 S. E. 928): "Ordinarily, where intoxicating liquors are found in a person's place of business, an inference that he is guilty of a violation of the prohibition law, in keeping such liquors at his place of business, may arise. But where the uncontradicted evidence shows that the liquor was brought into his place of business and hidden therein without his knowledge, by one not connected with the place of business, this inference of guilt would cease to be of sufficient evidentiary value to authorize a conviction." It will be noted in the *Smith* case that the uncontradicted evidence showed that the whisky was brought

into the defendant's place of business and hidden therein without his knowledge. Counsel also cites *Rhoddenberry* v. *State,* 50 *Ga. App.* 378 (178 S. E. 170) : "Where a conviction of having, controlling, and possessing intoxicating liquors is based on evidence of acts done without the knowledge of the defendant, by a person not connected with her or her place of business as agent, partner, clerk, or otherwise, it is unauthorized." In the *Rhoddenberry* case the evidence did not show that the person who had sold the liquor was connected with the defendant or her place of business as agent, partner, clerk, or otherwise. In the instant case the jury was authorized to find that the negro boy was the agent of the defendant, employed in and about the place of business for the purpose of selling liquor, and the jury so found. See in this connection *Lokey* v. *Davis,* 194 *Ga.* 175 (21 S. E. 2d, 69), and *Davidson* v. *Davis,* 194 *Ga.* 178 (21 S. E. 2d, 71).

The court did not err in overruling the motion for new trial on the general grounds for any reason assigned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*