33102.   SHUMAN *v.* THE STATE.

DECIDED JULY 14, 1950.

*William J. Neville, W. G. Neville,* for plaintiff in error.
*Walton Usher, Solicitor-General,* contra.

GARDNER, J.   Under the act of 1938 (Ga. L. 1937-38, Ex. Sess. p. 103 et seq.) known as the "Revenue Tax Act to Legalize and Control Alcoholic Beverages and Liquors," embodied in the Annotated Supplement to the Code as Chapter 58-10, the license and tax provided for and levied by the State on the manufacture, sale and distribution of alcohol or distilled spirits "is authorized only in those counties in which a majority   .   . vote in favor of taxing and controlling alcoholic beverages and liquors."   Under said law alcoholic liquor can only be manufactured, sold and distributed in certain counties, to wit those which have voted in favor thereof.   See Code (Ann. Supp.) § 58-1002 et seq.   Therefore, no license may be issued by the

State for the manufacture, sale and distribution of alcoholic liquor in a "dry" county, that is, a county in which a majority of the voters have not voted in favor thereof. Bulloch County in this State is not a county wherein a majority of the voters have voted in favor of taxing and controlling alcoholic beverages and liquors. It is a "dry" county. Consequently, alcoholic beverages and liquors cannot be manufactured, sold and distributed in Bulloch County, and a license may not be issued by the State for the manufacture, sale or distribution of alcoholic beverages and liquors in that county. Code (Ann. Supp.) § 58-1024, providing for the licensing of manufacturing and distilling of distilled spirits or alcohol authorizes the licensing by the State of such distilling and manufacturing only in those counties which have voted in favor of the taxing and controlling of such alcoholic liquors. Prior to the passage of the act of 1938, supra, the manufacture of liquor in any county in this State was unlawful. Code, § 58-206. Said act only makes the same lawful, permitting the State to license such manufacturing, in those counties voting in favor of taxing and controlling such liquors therein.

A person found operating a distillery making alcoholic liquors in a "dry" county is guilty of the unlawful manufacture of such liquor, which is a felony. Code (Ann. Supp.) §§ 58-206, 58-1067. A license cannot be lawfully issued and granted by the State of Georgia under the provisions of Code (Ann. Supp.) § 58-1025, to a person to manufacture, sell or distribute alcohol or distilled spirits in a "dry" county. It is, therefore, no penal offense, separate from the unlawful manufacture of alcoholic liquor, for a person to operate a whisky still and manufacture such alcoholic liquor or alcohol without obtaining a license to do so from the State.

In *Batty* v. *State*, 114 *Ga.* 79 (39 S. E. 918), the Supreme Court held, "One cannot be legally convicted of selling spirituous liquors without a license, in violation of the Penal Code, § 431, in a county in which the sale of such liquors is prohibited altogether under the terms of the general local option liquor law, embodied in the Political Code, § 1541 et seq., the provisions of which have been adopted and are of force in that county." By parity of reasoning, one cannot be convicted of distilling

whisky without having first obtained from the State a license to manufacture liquor in a county wherein the manufacture, sale and distribution of alcohol or spirituous liquors is prohibited by law. The defendant could not have been legally licensed to manufacture, sell or distribute any alcoholic liquors in Bulloch County, and hence it was not unlawful for him to fail to obtain such license, that is, for said defendant to manufacture whisky or operate a distillery in such county without first obtaining a license so to do from the State, which license the State could not legally issue to him. The defendant's offense in the operation of an illicit distillery in a "dry" county is not for operating such distillery or manufacturing liquor in such county without the State license required under the act of 1938 (Ga. L. 1937-38, Ex. Sess. pp. 103, 110).

The conviction of the defendant under said indictment was not authorized and was contrary to law, and the trial court erred in overruling the defendant's motion for new trial on the general grounds.

*Judgment reversed. MacIntyre, P.J., and Townsend, J., concur.*