33349, 33368, 33369. IVEY *v.* THE STATE (three cases).

DECIDED MAY 11, 1951.

J. D. Godfrey, Casey Thigpen, for plaintiff in error.

J. Cecil Davis, Solicitor-General, contra.

TOWNSEND, J. (After stating the foregoing facts.)  Ground 1 of the amended motion for a new trial in case No. 33349 complains of the action of the trial court in overruling a challenge to the array of jurors. No exceptions pendente lite were preserved to this ruling, and the bill of exceptions was presented more than 20 days after the date of the conviction, nor does it specifically assign error on this ruling. The ruling of the court on a challenge to the array cannot be brought into review by a motion for a new trial. Benford v. State, 18 Ga. App. 14 (4) (88 S. E. 747); Crawford v. State, 49 Ga. App. 801 (1) (176 S. E. 92). This assignment of error therefore presents nothing for the consideration of this court.

The defendant assigns error in each case on the ground

that the trial court erred in charging the jury as follows: "The defendant has not made a statement in reference to each of these accusations against him, and I charge you that you would not be authorized to consider his failure to make any statement as evidence against him. You would not be authorized to consider his failure to make any statement as evidence against him or as any evidence of his guilt." This is certainly a correct statement of the law as set out in *Bird* v. *State,* 50 *Ga.* 585 (6). Counsel for the defendant argues that since it is error for the solicitor-general to refer to or argue the fact that the defendant had not made a statement (*Saffold* v. *State,* 11 *Ga. App.* 329 (4), 75 S. E. 338; *Tolbert* v. *State,* 12 *Ga. App.* 685 (4), 78 S. E. 131), it is equally erroneous for the court to do so. We do not agree with this reasoning. Where a statement is made, as pointed out in *Underwood* v. *State,* 88 *Ga.* 47, 51 (13 S. E. 856), "It is one thing to instruct the jury as to their right to credit the statement, and another thing to acquaint them with the legal effect of the contents of the statement in case they do give it credit." Likewise, where a statement is not made, it is one thing to use this omission to discredit the defendant (it being generally assumed that this would be the only reason which might motivate the solicitor-general to make reference thereto) and another thing to acquaint the jury with the legal effect of such omission, the effect being merely that the jury should draw no conclusion therefrom unfavorable to the defendant. A charge very similar to the one complained of was approved in *Stephens* v. *State,* 21 *Ga. App.* 151, 152 (94 S. E. 69) on the ground that it was favorable to the defendant rather than prejudicial. The court need not have made any mention of the fact that the defendant made no statement, but the charge as given was not error.

■ In the general grounds of the motions for a new trial it is strongly contended that the evidence is insufficient to support the convictions because nowhere does any witness testify that any of the liquor bought or found on the premises of the defendant "did not bear tax stamps as provided for under the terms of the revenue tax act to legalize and control alcoholic beverages and liquors of the General Assembly of Georgia, approved February 3, 1938." It is contended that the possession of any amount of liquor, in the absence of proof that it did not possess tax stamps,

would not warrant a conviction, it also not being proved that Glascock County is a dry county. However, whether a county is wet or dry is a subject of local option. See Code (Ann. Supp.), § 58-1001, 58-1019, inclusive. The courts of this state will take judicial notice of the local option laws passed by the legislature, and the result of elections held pursuant thereto. See *Combs* v. *State*, 81 *Ga.* 780 (8 S. E. 318). It is therefore a subject of judicial notice that Glascock County is a dry county. The "bone dry" law codified as Chapter 58 of the Code of 1933 is of force in the dry counties of this State and it is a violation of Code § 58-201 to have in one's possession any quantity of non-tax-paid whisky. This is also a violation of Code, Ann. Supp., § 58-1056 which is a part of the act approved February 3, 1938 to legalize and control alcoholic liquors and beverages. However, it is not unlawful to possess in any dry county of this State not more than one quart of alcoholic liquors, provided they possess the necessary revenue stamps and the tax thereon has been paid. Code (Ann. Supp.) § 58-1073. To possess more than a quart of such liquor in a dry county is a misdemeanor. Code (Ann. Supp.) § 58-1077. This accusation was in one count only, charging the defendant with the possession of non-tax-paid liquor, which is a violation of Code § 58-201 and Code (Ann. Supp.) § 58-1056, but not a violation of Code (Ann. Supp.) § 58-1077, and the defendant could not be convicted under this latter section for possessing more than a quart. *Pierce* v. *State*, 200 *Ga.* 385 (37 S. E. 2d, 201). The accusation does not charge an offense under Code (Ann. Supp.) § 58-1077 on the theory that the defendant might have possessed more than a quart of tax-paid liquor, since it expressly charges that the liquor referred to did not have tax stamps. It thus shows on its face that the question of tax-paid liquor is not involved, and expressly negatives the crime of possessing more than a quart of tax-paid liquor. The question presented, therefore, is whether, the State having alleged the possession of untaxed liquor, which is made a specific crime under the provisions of Code § 58-1056, it is incumbent upon the State to prove its allegations in this particular.

The State relies upon the case of *Barfield* v. *State*, 59 *Ga. App.* 383 (1 S. E. 2d, 47), and contends that having proved the possession of one of the prohibited liquors in question, the fact

that it did not bear a revenue tax stamp is a matter of defense. In the accusation in the *Barfield* case the defendant was charged in the general language of the prohibition law that he did have, possess and control certain spirituous, alcoholic and intoxicating liquors, but in the instant case the State did not charge the defendant in the indictment in the general language of the general prohibition law of possessing the prohibited liquors therein stated (Code, § 58-201). By the particularity of the statement employed in the accusation, the State charged a particular offense and the burden devolves upon the State to prove those allegations necessary to show the defendant's guilt of the general charge against him and also to go further and prove that the crime was committed in the manner and form alleged, and that the prohibited liquors did not bear the revenue tax stamps. See *Finch* v. *State*, 6 *Ga. App.* 338 (2) (64 S. E. 1007); *Henley* v. *State*, 59 *Ga. App.* 595 (2 S. E. 2d, 139); *Martin* v. *State*, 73 *Ga. App.* 573 (37 S. E. 2d, 411). Under the particular offense charged in the indictment the burden was on the State to prove the exception; that is, that the liquor was not stamped as provided for by this section. It would be otherwise if, as in the *Barfield* case, the State charged the possession generally in the language of the general bone dry prohibition law. In charging an offense under the bone dry law as amended by the act of 1937-38, the State has the election to charge the general offense as was done in the *Barfield* case or a particular offense as was done in the case now under consideration.

There being no sufficient evidence, either direct or circumstantial, to find that any of the liquors in question were not stamped as charged in the indictment, the evidence did not authorize the verdict.

■ Failure of the court to charge on circumstantial evidence as complained of in ground 4 of the amended motion for a new trial is not reversible error under the circumstances of this case.

*Judgment reversed in cases Nos. 33349 and 33368. Judgment affirmed in case No. 33369. MacIntyre, P.J., and Gardner, J., concur.*