33634. NELSON *v.* THE STATE.

DECIDED SEPTEMBER 7, 1951.

*Charles Burgamy,* for plaintiff in error.

*Wingate Dykes, Solicitor-General,* contra.

MacINTYRE, P. J. The defendant, Julian Nelson, was indicted, tried, and convicted of the offense of manufacturing whisky in Sumter County, Georgia. His motion for a new trial, based upon the usual general grounds and nine special grounds, was overruled and he excepted.

1. In special ground 1 the defendant contends that the court erred in refusing to grant him a continuance. This contention is without merit. Code § 81-1410 specifically sets forth the manner in which a motion for a continuance is legally made. In the instant case this section was not complied with in that it was not shown that the application was not made for the purpose of delay. " 'A showing for a continuance, upon the ground of the absence of a witness, is insufficient if it omits to state that the application is not made for the purpose of delay.' *Newsome* v. *State,* 61 *Ga.* 481; . . *Cobb* v. *State,* 110 *Ga.* 314 (1) (35 S. E. 178)." *Buckner* v. *State,* 33 *Ga. App.* 559 (127 S. E. 154).

2. In special ground 2 error is assigned upon the following instruction of the court to the jury on the ground that the court's definition is erroneous: "By a reasonable doubt is meant a doubt fairly entertained in the juror's mind and doubt for which

he can assign a reason. It is a doubt which grows out of the case on trial for the want, weakness or insufficiency of the evidence and such a doubt as a conscientious juror may have after honest effort to arrive at the truth of the case from the evidence in the case and defendant's statement, seeking the truth of the case, and which leaves the mind of the jury wavering and uncertain as to what the truth of the case is." We find no error in this definition which is essentially the definition approved by the Supreme Court in *Jordan* v. *State,* 130 *Ga.* 406 (60 S. E. 1063), nor do we think that as phrased in the instant charge it could have been confusing to the jury. There is no merit in this ground.

3. In special ground 3 the defendant contends that the following charge is erroneous in that it is not illegal to manufacture intoxicating liquors in Georgia so long as the manufacturer holds a license: "I charge you further in the case that it is a violation of the law of this State for one to distill, manufacture, and make alcoholic, spirituous, fermented and intoxicating liquors and alcoholic, spirituous, fermented and intoxicating beverages *as set out and alleged and charged in this bill of indictment.*" (Italics added.) The bill of indictment charges the offense of manufacturing the intoxicating liquors to have been committed in Sumter County. The court can take judicial notice of the fact that Sumter County is a dry county, as it doubtless did (*Ivey* v. *State,* 84 *Ga. App.* 72, 65 S. E. 2d, 282; *Combs* v. *State,* 81 *Ga.* 780, 8 S. E. 318), and this being so, the court's charge was adjusted to the evidence and is a correct statement of the law as applied to the instant case for "a person cannot be legally licensed by the State to manufacture alcoholic liquors in a 'dry' county." *Shuman* v. *State,* 82 *Ga. App.* 130 (60 S. E. 2d, 521). There is no merit in this ground of the motion.

4. In special ground 4 the defendant contends that the following charge on flight is erroneous in that the evidence for the State shows that the defendant was fifty yards away from the still when he began to run and that the charge was, therefore, not adjusted to the evidence: "I charge you further in the case that flight, if any, and similar acts, if proven, from which an inference of guilt may be drawn may be considered by the jury, but flight is subject to explanation." The evidence of the de-

fendant's accomplice, J. T. White, showed that the defendant was actually participating in the making of the whisky and was carrying it about 50 yards from the still and loading it in a jeep. The officers testified that when they approached and "flushed" the defendant that he fled. The defendant gave no explanation of the flight except to deny that he was present at the time in question at all. There is no merit in the assignment of error in this ground. *Sewell* v. *State,* 76 *Ga.* 836; *Rogers* v. *State,* 80 *Ga. App.* 585, 590 (56 S. E. 2d, 633); *Blakely* v. *State,* 78 *Ga. App.* 282, 288, 291 (50 S. E. 2d, 762).

5. As we have stated in division 4 of this opinion the defendant's accomplice by his evidence placed the defendant at the still and in the act of loading some of the whisky into his jeep at the time the officers approached; that is to say, he had been operating the still and was loading the moment when the officers "closed in." It follows that the following charge was not erroneous either abstractly or as applied to the evidence in the case: "I charge you further in that connection that the presence of a person at a distillery where intoxicating liquor is being made and his flight on seeing an officer approaching may, when not satisfactorily explained, authorize the jury to find him guilty of making such liquors." *Smith* v. *State,* 70 *Ga. App.* 697 (29 S. E. 2d, 326); *Yonce* v. *State,* 154 *Ga.* 419 (114 S. E. 325); *Flint* v. *State,* 29 *Ga. App.* 222 (114 S. E. 585); *Smith* v. *State,* 43 *Ga. App.* 223 (158 S. E. 365).

6. The court's failure to charge, without request, upon the law of circumstantial evidence was not error as assigned in special ground 8 for the reason that the evidence was not entirely circumstantial. The evidence of the defendant's accomplice, connecting the defendant with the manufacture of the whisky, was direct and positive. *Heard* v. *State,* 79 *Ga. App.* 202 (53 S. E. 2d, 233); *Scott* v. *State,* 57 *Ga. App.* 489 (4) (195 S. E. 923).

7. Special grounds 6 and 7 will be considered together. We think that whether or not there were any technical inaccuracies in the court's language with reference to the right of the jury to recommend that the defendant be punished as for a misdemeanor and with reference to what the punishment for a misdemeanor is, the court on recharging upon these questions cleared

up the inaccuracies and that the jury thoroughly understood the law of recommending that the defendant be punished as for a misdemeanor. The fact that the court omitted to state that it could sentence the defendant to *six months* imprisonment, in addition to the fine of $1000 and 12 months on the chain gang as the court had stated, and the solicitor-general brought this omission to the attention of the jury and the court stated "that is correct," was not such error as to warrant the grant of a new trial.

8. The evidence of the accomplice, connecting the defendant with the offense of manufacturing intoxicating liquors was direct and positive and the other evidence showed sufficient circumstances to connect the defendant with the offense under the rule laid down in *Childers* v. *State,* 52 *Ga.* 106; *Blakely* v. *State,* 78 *Ga. App.* 282 (1) (50 S. E. 2d, 762). There is no merit in special ground 9.

9. The evidence as a whole was sufficient to authorize the verdict finding the defendant guilty of manufacturing liquor in Sumter County, a "dry" county, as charged in the indictment.
*Judgment affirmed. Gardner and Townsend, JJ., concur.*