### 35318. TANNER *v.* THE STATE.

CARLISLE, J. The defendant was tried and convicted in the Superior Court of Washington County under the following indictment: "The grand jurors selected, chosen and sworn for the County of Washington. . . In the name and behalf of the citizens of Georgia, charge and accuse . . . [the defendant], of the county and State aforesaid with the offense of felony for that the said . . . [defendant] on 18th of January, in the year of our Lord nineteen hundred and fifty-four, in the county aforesaid, did then and there unlawfully and with force and arms, did distill, manufacture and make alcoholic, spirituous, vinous,

malted and mixed liquors and beverages, a part of which is alcoholic, the same being a product of distillation commonly called moonshine whisky, without having first obtained a manufacturer's license as required by law, contrary to the laws of said State, the good order, peace and dignity thereof." His motion for a new trial, based solely on the general grounds, was denied and he has brought the present writ of error here to have that judgment reviewed.

1. By the terms of Code § 58-206, the manufacture of alcoholic liquors is prohibited in the "dry" counties of this State, and a violation of that statute is a felony. By the terms of Code (Ann. Supp.) §§ 58-1024 and 58-1067, it is made a felony to manufacture alcoholic liquors in the "wet" counties of this State without first obtaining a license to do so. These sections of the Code state two different and distinct offenses; one, which is applicable in the dry counties of this State, is the mere manufacture of the prohibited alcoholic liquors; and the other, which is applicable in the wet counties of this State, is the manufacture of the prohibited alcoholic liquors without first obtaining a license. In *Shuman v. State*, 82 *Ga. App.* 130 (60 S. E. 2d 521), this court held: "A person cannot be legally licensed by the State to manufacture alcoholic liquors in a 'dry' county, and hence one found operating an illicit liquor still in a 'dry' county cannot be convicted of operating a distillery for manufacturing liquor without a license in violation of Code (Ann. Supp.) § 58-1024 [and § 58-1067]." The defendant in the present case is charged in the indictment with the commission of a felony in the manufacture of alcoholic liquors in Washington County, *"without having first obtained a manufacturer's license as required by law."* This court will take judicial notice that Washington County is dry. *Ivey* v. *State*, 84 *Ga. App.* 72, 75 (65 S. E. 2d 282). The general law contained in Code § 58-206, which prohibits the manufacture of alcoholic liquors altogether, is applicable in Washington County and the prohibited liquors may not be manufactured in that county, with or without a license. The indictment in the present case does not specify under which of the Code sections referred to above it purports to be drawn. The indictment is sufficiently broad to charge either of the two offenses referred to and, if supported by competent evidence, would authorize the conviction of the defendant of either offense. There was no demurrer to the indictment, and one who waives his right to be tried upon an indictment perfect in form as well as substance, and takes his chances of acquittal, will not be heard, after conviction, to urge defects in the indictment, unless such defects are so great that the indictment is absolutely void. *Foy* v. *State*, 40 *Ga. App.* 617 (150 S. E. 917); *Pence* v. *State*, 36 *Ga. App.* 268 (136 S. E. 821); *Lanier* v. *State*, 5 *Ga. App.* 472 (63 S. E. 536). The indictment sufficiently charges the manufacture of liquor in a dry county, and the allegation that this was done "without having first obtained a manufacturer's license as required by law" will be treated as mere surplusage.

This case differs from the *Shuman* case, supra, in that in the *Shuman* case the indictment charged specifically that the accused had manufactured liquor in a dry county in violation of Code (Ann. Supp.) § 58-1024, which section is not applicable in dry counties. The indictment in the case charged only one offense, that of manufacturing liquor without a

license, and it was impossible for an accused to be guilty of such offense in a dry county.

2. The jury was authorized to find that the defendant had been at the still, on the day on which he was arrested, from 8 a. m. to 3 p. m., that the still was in operation and had produced a quantity of "moonshine" liquor during that time, and that the defendant was carrying wood to fire the still. One who is present at a distillery when liquor is being manufactured and personally assists in any way in the manufacture is guilty of manufacturing liquor, and it is immaterial whether or not he owns the distillery, and whether or not he is hired to work there. *Thomas* v. *State,* 24 *Ga. App.* 350 (100 S. E. 760); *Mapp* v. *State,* 26 *Ga. App.* 479 (106 S. E. 801); *Lindsay* v. *State,* 32 *Ga. App.* 74 (122 S. E. 649). The evidence authorized the verdict and the trial court did not err in denying the motion for new trial.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED SEPTEMBER 16, 1954—REHEARING DENIED OCTOBER 1, 1954.

*J. D. Godfrey, Casey Thigpen,* for plaintiff in error.
*W. H. Lanier, Solicitor-General,* contra.